## SUPERIOR & PITTSBURG COPPER COMPANY, a Corporation, Appellant, v. FRANK TOMICH, Sometimes Known as FRANK THOMAS, Appellee.

1. CONSTITUTIONAL LAW—MASTER AND SERVANT—EMPLOYERS' LIABILITY ACT—VALIDITY.—Employers' liability law (Civ. Code 1913, tit. 14, c. 6), being a valid exercise of the state's police power, does not violate Constitution of the United States, Amendment 14, prohibiting any state from depriving any person of life, liberty, or property without due process of law or denying to any person the equal protection of the laws.

2. CONSTITUTIONAL LAW—EMPLOYERS' LIABILITY ACT—VALIDITY.—Employers' liability law does not conflict with Constitution, article 18, section 5, providing that the defense of contributory negligence shall, in all cases be a question of fact, such constitutional provision merely requiring the submission of the question of contributory negligence in cases where such defense is allowed.

3. MASTER AND SERVANT—EMPLOYERS' LIABILITY ACT—VALIDITY.—Employers' Liability Act is not invalid as violating Constitution, article 18, section 7, commanding the legislature to enact an employers' liability law, but limiting liability to all cases in which death or injury shall not have been caused by the negligence of the employee killed or injured, the statute by its terms allowing an apportionment of damages where the injured employee has been guilty of contributory negligence.

4. MASTER AND SERVANT — EMPLOYERS' LIABILITY ACT — DEFENSES. — Since the Employers' Liability Act provides that nothing less than the sole negligence of the employee injured will bar an action for damages, an answer, setting up plaintiff's contributory negligence as a complete and not a partial bar, constitutes no defense.

5. DAMAGES—PERSONAL INJURIES—EXCESSIVENESS.—Eight thousand dollars *held* not an excessive verdict under the Employers' Liability Act, where the employee's hand was crushed, exposing the nerves and necessitating amputation of three fingers.

[As to damages recoverable under federal Employers' Liability Act, see note in Ann. Cas. 1914C, 181.]

6. APPEAL AND ERROR—REVIEW—HARMLESS ERROR.—In an action under the Employers' Liability Act, the action of the court in allowing jurymen to question witnesses *held* harmless error.

7. APPEAL AND ERROR—PRESERVATION OF EXCEPTIONS—FAILURE TO OB-
JECT.—In an action for personal injuries under the Employers' Lia-
bility Act, failure to object to questions asked by the jurors as
indicating prejudice precluded such matter from being urged on
appeal.

APPEAL from a judgment of the Superior Court of the
county of Cochise. Alfred C. Lockwood, Judge. Affirmed.

### STATEMENT OF FACTS BY THE COURT.

The appellee was employed by the appellant in the under-
ground workings of its mines in Cochise county. The appel-
lee's duties required him to load, push on a track, and unload
ore cars. The place for the performance of such duties was
on the 900-foot level of the mine. The track was laid through
a drift from the point of loading the cars to a point of un-
loading the ores into a chute. The appellee was an experi-
enced car man, accustomed to such work in other mines.
When the car had received its load of about 2,000 pounds
weight, the appellee was required to start the car moving on
the track, and control its movements until the chute was
reached. Timbers were so placed about the chute as to facili-
tate the unloading or dumping of the load. On November
9, 1914, and a few hours after appellee had first commenced
his labors in the said drift, he started a loaded car from the
point of loading along the track toward the chute, and, fol-
lowing the car with his right hand holding the top of the rear
end of the car as it moved over the track by gravity, appel-
lee stumbled over something on the floor or slipped on the
track or on the ground, and was thrown to the ground, but
continued to hold to the rear end of the ore car as it moved
toward the chute. So holding to the car, the car struck the
obstructions about the chute with such force that the fasten-
ings on the doors of the car released, and the car ended over
so that three fingers on appellee's right hand were caught
between the rear end of the car which he was holding and a
cross timber about the chute. The fingers were lacerated,
crushed, and bruised so that they were amputated about the
first joints of each finger. The said surgical operation was
done at the appellant's hospital department, and when the
wounds healed the nerves were left so exposed as to be sensi-
tive and tender and causing suffering, and a further ampu-

tation of the fingers is required to relieve such condition. The appellee commenced this action to recover damages for his said injuries, basing his cause of action on the employers' liability law (chapter 6, tit. 14, Civil Code Ariz. 1913) and upon negligence. The cause of action founded upon negligence was expressly waived and abandoned by plaintiff upon the trial. The defendant demurred to the complaint upon the ground that the employers' liability law and the constitutional mandate, in obedience to which such statute was enacted, are both void because they are contrary to and contravene the Fourteenth Amendment to the Constitution of the United States, in that they deprive the defendant of its property without due process of law, and deny to it the equal protection of the law, by subjecting it to unlimited liability for damages for personal injuries suffered by its employees without any fault or negligence on its part, and because such statute attempts to give plaintiff the right to recover damages of defendant notwithstanding the injuries for which such damages are claimed were contributed to and in part caused by plaintiff's own negligence, and attempts to deprive the defendant of the right to wholly defeat this action by interposing the defense of contributory negligence. The defendant alleges that the damages, if any, resulted wholly from plaintiff's neglect and carelessness, and his failure to use any care or caution in his own behalf at the time and place of the alleged injury. The further defense is that the plaintiff contributed to the injury by his own negligence, in that at the time of its occurrence the plaintiff was giving no attention, or insufficient attention, to his duties, and failed to push the car in the proper manner or place his hands on the car in the proper position, and other like failures are alleged.

The court overruled the demurrers, and the cause was tried to a jury. The jury returned a verdict against the defendant for the sum of $8,000. Judgment followed the verdict. The defendant appeals from the judgment and from an order refusing a new trial.

Messrs. Knapp & d'Autremont and Mr. H. E. Pickett, for Appellant.

Mr. Fred Sutter and Mr. J. T. Kingsbury, for Appellee.

CUNNINGHAM, J. (After Stating the Facts as Above).—
The appellant assigns as error the overruling of its demurrers
to the complaint for the reason both chapter 6, title 14, of
the Revised Statutes of Arizona of 1913, Civil Code, upon
which the action is based, and the constitutional mandate,
section 7 of article 18 of the state Constitution, in obedience
to which said chapter 6 was enacted, violate section 1 of the
Fourteenth Amendment to the Constitution of the United
States, in that the employers' liability law, said chapter 6,
title 14, attempts to deprive the defendant of its property
without due process of law by imposing unlimited liability
on it as an employer for personal injuries sustained by an
employee while in its employ in cases where defendant has
been guilty of no fault, want of care, or neglect of duty; and
because the employers' liability law contravenes and is in
violation of sections 5 and 7 of article 18 of the Constitution
of the state of Arizona, in that said statute attempts to give
plaintiff the right to recover judgment for personal injuries
notwithstanding the injuries for which the judgment is sought
were contributed to and in part caused by plaintiff's negli-
gence, and attempts to deprive defendant of the right to
wholly defeat this action by showing that said injuries
were contributed to and in part caused by plaintiff's own
negligence.

The questions of the constitutional validity of the employ-
ers' liability law are raised in a number of different objec-
tions.   The defendant assigns as error the admission and re-
jection of evidence and misconduct of the trial judge during
the trial of the cause, working a prejudice and resulting in
an excessive verdict.

The appellant groups the assignments of error under four
divisions covering the points of law raised in the cause: First,
the employers' liability law, chapter 6, title 14, under which
the action is brought, is unconstitutional and void; second,
that the plaintiff failed to make out a case warranting re-
covery under the employers' liability law; third, error in
admitting and excluding evidence and in giving instructions,
and, fourth, an excessive verdict.

Under the first division the case of *Inspiration Consolidated
Copper Co.* v. *Mendez, ante,* p. 151, 166 Pac. 278, on the
authority of *New York C. R. Co.* v. *White,* 243 U. S. 188,
61 L. Ed. 667, 37 Sup. Ct. Rep. 247, holds to the opinion

that the employers' liability law is valid within the police powers of the state, and does not come into conflict with the Fourteenth Amendment of the Constitution of the United States; and that such liability law is a valid, subsisting enactment and is a law of the state of Arizona.

Appellant contends that chapter 6 of title 14 is void, for the reason its terms conflict with sections 5 and 7 of article 18 of the state Constitution. Section 5 is that:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury."

This section does not restrict the power of the legislature to modify or abolish the defense of contributory negligence. The restriction contained in the section is clear that no law shall be enacted which attempts to make the defenses of contributory negligence or assumption of risk, when interposed, determinable by the courts as matters of law, but such defenses are made to depend upon facts when they are properly interposable, and, interposed, they are required to be established by a preponderance of the evidence to the satisfaction of the jury. Whether the plaintiff's negligence contributed to the wrong, or whether the plaintiff assumed the risk and danger from which the wrong arose, must be determined as a fact from the evidence by the jury.

Section 7 commands the legislature to enact an employers' liability law, by the terms of which any employer shall be liable for the death or injury of workmen employed in all hazardous occupations named, and any other industry designated by the legislature, whenever such death or injury is caused by any accident due to a condition or conditions of such occupation, except when such death or injury has been caused by the negligence of the employee killed or injured. The only restriction placed upon the legislative power in carrying out said constitutional mandate found in the section of the Constitution is the exception, viz.:

Liability is incurred "in all cases in which such death or injury of such employee shall not have been caused by the negligence of the employee killed or injured."

In all other cases the legislative power is unlimited by said section 7.

A careful examination of chapter 6 of title 14 discloses no violation of such limitation on the power of the legislature.

The exception is carefully preserved in paragraph 3154 of the statute. If the injury resulted from an accident arising out of and in the course of labor, service, and employment in a hazardous occupation, and was due to a condition, or conditions, of such occupation or employment, and was not caused by the negligence of the employee the liability to damages exists. If, however, the injury was caused by negligence to which the injured workman contributed, the liability of the employer remains to an amount of the full damages, less the amount of damages attributable to the employee's negligence. In other words, the damages are to be apportioned to the parties, employer and employee, as the negligence attributable to the one is to the negligence attributable to the other. Paragraph 3159, Civil Code of Arizona 1913. "The fact [appearing] that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee," are the words of the statute. The statute is in full harmony with the constitutional mandate and with its restriction.

The defendant set forth in its answer the contributory negligence of the plaintiff, consisting of the manner in which the plaintiff was performing his duties at the time of the accident, but defendant's answer does not set forth any claim for a reduction of damages by reason of such negligence, but claims such contributory negligence as a complete, not a partial, defense to the action. The answer is evidently interposed upon the theory of the common-law rule of contributory negligence in bar of the cause of action. Under the provisions of chapter 6, *supra,* nothing less than the sole negligence of the employee injured will bar an action based on the statute for damages. Negligence of the employee contributing to the injury may serve to reduce the amount of the recovery, but will not bar recovery.

The defendant, having in its answer admitted that its negligence in part was the cause of the damages, by setting forth a charge of contributory negligence against the plaintiff, authorized a verdict against defendant in any event. The matters left open for inquiry were the amount of the damages the plaintiff was entitled to recover as measured by the allegations of the complaint and the evidence, and whether

the accident was due to a condition or conditions of the employment and such as is unavoidable.

The appellant complains that the amount of damages found is excessive and out of all proportion to the nature, extent, and seriousness of the injury, to the loss of time, wages, or future earning capacity, to the amount necessary to effect a recovery, to his station in life, and to his pain and suffering. No complaint is made that the evidence does not sustain the verdict. The specific complaints are made that the jury asked questions of witnesses during the progress of the trial; and the members of the jury were permitted to and did examine the plaintiff's injured hand, and touched and pressed his wounded fingers, and the members of the jury were thereby prejudiced, which prejudice resulted in a verdict for excessive damages.

With regard to the first complaint made, the abstract of record discloses that counsel for defendant invited the jury to ask questions of witness Massey. Thereafter the jurors freely asked questions of other witnesses. The record discloses no objection was offered by the defendant to any question asked by any juror of any witness. The practice of allowing attorneys, parties, the judge, and jurors to examine witnesses in a disorderly manner has a tendency to break down the decorum becoming the sanctity of a trial, and should be discouraged. The proper dignity of the court requires orderly procedure in a trial of a cause to be strictly observed. The liberty or property of litigants is involved in the result of every lawsuit, and the trial of such rights may result in tragedy to some interested human being. Certainly a tragedy results from error committed, never comedy. The purpose of a lawsuit is to determine the exact rights of the parties thereto and enforce such exact rights. The wisdom of ages of experience has served to teach our profession that the observance of the prescribed rules of procedure more nearly discover the exact rights of parties than haphazard, disorderly procedure. Not every departure from orderly trial procedure justifies a reviewing court in reversing a judgment because of irregular trial procedure. The irregular procedure must have prejudiced the rights of the party complaining before an appellate court is justified in disturbing a judgment. We must presume that no harm befell the defendant by reason of the many questions asked the witnesses on this trial, for

the reason the defendant first invited the asking of the questions, and at no time during the trial objected to that form of procedure.

The appellant contends that the questions asked the witnesses by the jurors conclusively indicate a prejudice against this defendant, inducing an excessive verdict for damages. The nature of the questions called for answers giving information covering a wide field of inquiry, and were not confined to testimony bearing upon the amount of damages. The questions were largely confined to detail matters connected with the knowledge of the witness with regard to which he had testified, the credibility of the witness, and his means of knowledge of the matter with respect to which he gave testimony.   The jurors had a very good reason to test the witness' means of knowledge of these matters and the test given indicates no prejudice against defendant.   This particular matter was not insisted upon as a ground for a new trial, and is first raised on this appeal.   For that reason the objection must be overruled.   The verdict does not conclusively appear to have been reached through prejudice and bias, nor induced by passion and prejudice.

The appellant contends that by permitting the jurors to examine plaintiff's wounded hand and fingers, and during such examination to squeeze and press his hand for the purpose of discovering the present sensitive condition of the fingers, was error, and resulted in causing the jury to return a verdict for excessive damages.   The appellant nowhere contends that the evidence thus gained by the jury was false. If as a fact the plaintiff's wounds remained sensitive and prevented plaintiff from earning a living, and the jury ascertained that fact from personal physical examinations and by experimenting with the wound, no harm resulted to appellant simply by the use of the means complained of in arriving at the fact.   Appellant did not object to the examinations when being made by the jury, and cannot now complain of the character of the evidence used to establish the fact.

While the record discloses many departures from the ideal trial of a lawsuit, these departures were consented to, acquiesced in, submitted to, or indulged, by appellant without objection, and do not appear affirmatively upon the record to have worked a prejudice to appellant's rights.   The verdict returned is large in amount, but that matter lay with the

jury.   No question is made that the verdict is not sustained by substantial evidence.

Upon the whole case I am of the opinion the record contains no reversible error.   Consequently the judgment must be affirmed.

FRANKLIN, C. J. (Concurring).—The demonstrations permitted before the jury in this case rather exceeded the limits defined in such matters, but here, as in predicating error on allowing the jurors to propound objectionable questions, appellant is estopped because a similar demonstration was made at the request of appellant.   With regard to the excessiveness of the damages, where there is a personal injury permanent in its character, there is much difficulty in measuring compensation for it by strict and definite rules, and therefore it must be left largely to the sound judgment of a jury and the trial judge.   As a result of this accident the index and second finger of plaintiff's hand were amputated at the first joint, and the third finger amputated just a little above the first joint, causing the nerves to be caught in the flesh and healed in the scar tissue, causing neuritis and resulting in severe and constant pain, to relieve which condition another operation under an anaesthetic would be necessary.   The jury found a verdict for $8,000, which was upheld by the trial judge on motion for a new trial.   The verdict appears somewhat large, but that it is larger than the appellate court would give, or that the appellate court would be better satisfied with a smaller verdict—these are not the criteria by which we are guided in reversing a case and ordering a new trial because of an excessive verdict.   This court is restrained from so doing unless our minds are satisfied that from the large amount of the verdict the jury arrived at it because of passion, prejudice, partiality, or corruption on their part.   In view of the principles which restrain the court in such a matter, and especially having the refusal of the trial court on motion for a new trial to interfere, I do not think this court is authorized or would be justified in reversing the case on that ground.   See *Ruck* v. *Milwaukee Brewery Co.*, 148 Wis. 222, Ann. Cas. 1913A, 1362, 134 N. W. 914.

Counsel for appellee does not oppose a remitter of some portion of the verdict which this court might deem excessive.

as a condition of denying a new trial, but I have not considered the power of this court to do so under section 578 of the Revised Statutes of 1913, or the propriety of its exercise here, because appellant on argument expressly asked the court not to order a remitter if it was not of opinion that a new trial should be granted without such condition. I, therefore, concur in affirming the judgment.

ROSS, J. (Dissenting).—I endeavored to show in my dissenting opinion in *Inspiration Consolidated Copper Co.* v. *Mendez, ante,* p. 151, 166 Pac. 1183, that the new right of action contemplated by section 7, article 18, of the Constitution and for which the legislature was directed to provide, by proper legislation, is not and could not be an action for damages for personal injury according to the standards of the common law. The procedure adopted by the legislature to enforce the right is according to the common-law rules and standards of damages in case of tort, but the right of action itself finds no prototype in the common law. *It is in its essential features the same right of action upon which compensation for injury is justified by the courts.* If the injury be "due to a condition or conditions of the occupation," then it cannot be due to the negligence of either the employer or employee. If it be due to the negligence of the employer, the injured employee or his dependents should pursue the common-law remedy for damages in tort or accept compensation under the Workmen's Compensation Act. If it be caused by the negligence of the employee, his only recourse is compensation under the Workmen's Compensation Act. Recovery was had in the present case upon the theory that although the injury was due to a condition or conditions of the occupation without any fault of either the employer or employee, the damages should be ascertained and measured by the standards of the common-law action for negligence following the legislative formula. The error was in applying the old common-law remedy to the new right—in dressing this new and up-to-date creature of the law with habiliments two or more centuries old. If this new right of action arises only in case of an unavoidable accidental injury in which neither the employer nor employee is to blame or at fault, the liability, in order to conform to due process of law and afford equal protection of the law should be ascertained and measured according to the rules adopted by the different systems of

compensation laws.  *New York Central R. Co.* v. *White,* 243 U. S. 188, 61 L. Ed. 667, 37 Sup. Ct. Rep. 247; *Mountain Timber Co.* v. *Washington,* 243 U. S. 219, 61 L. Ed. 685, 37 Sup. Ct. Rep. 260; *Hawkins* v. *Bleakley,* 243 U. S. 210, 61 L. Ed. 678, 37 Sup. Ct. Rep. 255.

The legislature misapprehended its duty and misconceived its powers when it provided that contributory negligence and assumption of risk could be interposed to an action based upon an injury without fault.  The constitutional mandate neither in direct terms nor by implication authorizes these defenses.  On the contrary, the very definition of the right of action foreshadowed and intended to be created excludes them as defenses.  The injury to be actionable under this law must have been "caused by an accident due to a condition or conditions of such occupation," and not by any negligence.  Assumed risk is a species of contributory negligence, in that one who takes employment in a dangerous or hazardous occupation, whether inherently so or by reason of the employer's negligence, of which he has knowledge, may be said to have contributed to his own injury from the mere fact of working under such conditions.

We have the legislature (and the majority opinion approves it) announcing the paradoxical and strangely absurd rule that if the accident is caused by contributory negligence, that is, negligence of both employer and employee, "the damage shall be diminished by the jury in proportion to the amount of negligence attributable to such employee." Whereas, the employer, innocent of wrong, guilty of no fault, for accidents inherent and unavoidable, must pay the whole toll.  He must pay more than the one whose negligence contributed to the injury.  The legislature and the court unite in awarding some immunity to an employer whose negligence contributes to the injury, and since injuries must occur,— are inevitable,—in order to secure any reduction of the damages, the employer is encouraged to contribute thereto, or failing in actually being guilty of negligence, estop himself from denying it by pleading contributory negligence in his answer as in the present case.

The large verdict in this case is only illustrative of what is likely to happen in any case.  It is but reasonable to infer from what both my colleagues say in their opinions that they believe the verdict excessive.  The learned counsel of

appellee, at the oral argument, admitted that the verdict was too large by consenting to a remitter. It will generally, if not always be so, under a law that makes the employer without fault liable in damages measured by common-law standards. Whether influenced by bias and prejudice or not as contended by appellant in this case, the jury will always award damage for mental and physical suffering, elements of damages, as Justice PITNEY says in the White case, not chargeable to the employer without fault. The verdict and judgment here emphasize the absolute necessity of compensation in such cases "according to a reasonable and definite scale." If it is not so regulated, it will generally be "so insignificant on the one hand or onerous on the other" as to shock the conscience of the ordinary disinterested person.

The criticism therefore is directed, not at compensation where there is no fault, but at the method or procedure used in ascertaining the compensation.

On constitutionality, application and effect of federal Employers' Liability Act, see notes in 47 L. R. A. (N. S.) 38; L. R. A. 1915C, 47.