[Civil No. 1557.   Filed December 18, 1918.]

[176 Pac. 839.]

CALUMET & ARIZONA MINING COMPANY, a Corporation, Appellant, v. THOMAS F. CHAMBERS, Appellee.

1. ELECTION OF REMEDIES—ELECTION TO SUE UNDER EMPLOYERS' LIABILITY LAW—PRECLUSION FROM OTHER RECOVERY.—Where plaintiff servant suing for injuries expressly alleges his action is brought under employers' liability law, he is precluded by such election of remedy from a recovery other than is permissible under such law.

2. MASTER AND SERVANT—EMPLOYERS' LIABILITY LAW—FACTS ESSEN-
TIAL TO RECOVERY.—An injured servant, to recover under employers'
liability law, is required to allege and prove he was employed by de-
fendant in an occupation declared hazardous, was injured while in
performance of duties required of him, and that injury was caused
by accident due to a condition of employment, not caused by his own
negligence.

3. PLEADING—DEFECT OF COMPLAINT—CURE BY ANSWER.—In a servant's
action for injuries under employers' liability law, any deficiency of
complaint in failing to show that risks assumed by plaintiff were
great and inherent in occupation was cured by answer describing all
appliances and manner of use, and expressly admitting plaintiff's
occupation was hazardous.

4. MASTER AND SERVANT—EMPLOYERS' LIABILITY LAW—"ARISING OUT
OF AND IN COURSE OF EMPLOYMENT."—Where smelter employee was
injured because he was led to believe from a warning given by an-
other employee, that a fettling car was overturning, so that he jumped
back, and fell into an open slag spout, the injury was occasioned by
accident arising out of and in the course of his employment, and due
to condition of occupation, giving right of action under employers'
liability law.

5. MASTER AND SERVANT—INJURIES TO SERVANT—COMPLAINT—INDEFI-
NITENESS.—In servant's action under employers' liability law, gen-
eral allegations of complaint somewhat indefinite and uncertain as to
exact conditions existing at time of accident, when attacked by proper
pleading, should have been amended to state facts more clearly for
information of court and defendant.

6. APPEAL AND ERROR—HARMLESS ERROR—FAILURE TO REQUIRE AMEND-
MENT OF COMPLAINT.—Error of trial court in failing to require plain-
tiff, an injured servant, to amend his complaint to state particulars
of accident more clearly, was not reversible error, where answer sup-
plied all defects in complaint in such respect.

7. PLEADING—SURPLUSAGE—ACTION UNDER EMPLOYERS' LIABILITY LAW.
Injured servant's complaint, expressly alleging action was brought
under employers' liability law, was not subject to demurrer as attempt-
ing to state inconsistent causes of action, one given by statute, the
other a common-law action for negligence, plaintiff being precluded
from relying on expressions appropriate in stating a cause of action
for negligence which was surplusage.

8. PLEADING — MOTION TO STRIKE — EMPLOYERS' LIABILITY LAW.—Ex-
pressions appropriate to common-law action for negligence, used in
injured servant's complaint expressly alleging action was brought
under employers' liability law, might be attacked by motion to strike,
if facts stated otherwise were sufficient to constitute cause of action
under statute.

9. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—COMPARATIVE NEGLIGENCE. Where smelter employee was injured in stepping back from fettling car into uncovered hole in floor made necessary by operations, fact that plaintiff's negligence concurred with inherent risks of employment in causing injuries did not constitute such negligence of plaintiff as would defeat recovery, but only such contributory negligence as is within proviso of paragraph 3159 of employers' liability law (Civ. Code Ariz. 1913, tit. 14, c. 6), a modification of common law, making contributory negligence only partial defense.

10. CONSTITUTIONAL LAW—RIGHT TO QUESTION VALIDITY OF STATUTE.— Employer sued for injuries under employers' liability law (Civ. Code Ariz. 1913, tit. 14, c. 6), contending that facts stated in answer are sufficient to constitute negligence by plaintiff as sole efficient cause of injuries, and therefore a complete defense, cannot question validity of proviso of paragraph 3159, making contributory negligence which merely co-operated with risk of employment in causing injury only partial defense.

11. DAMAGES—EMPLOYERS' LIABILITY LAW—PROOF OF LOSS.—In servant's action for injuries under employers' liability law, plaintiff must prove by a preponderance of evidence to the jury's satisfaction the actual loss sustained by him primarily caused by the alleged accident.

12. DAMAGES—EMPLOYERS' LIABILITY LAW—LOSS AND EXTENT OF LOSS —QUESTIONS FOR JURY.—In servant's action for injuries under employers' liability law, whether plaintiff suffered any loss, and, if any, what loss, is for the jury's determination from a consideration of all the evidence under the instructions.

13. APPEAL AND ERROR—RESERVATION OF GROUNDS OF REVIEW—MOTION FOR NEW TRIAL—EXCESSIVE DAMAGES.—Where defendant employer did not allege excessive damages as a ground for new trial of its servant's action for injuries under employers' liability law, matter cannot be raised for first time in supreme court on appeal.

[As to necessity that servant be acting in course of employment when injured in order to recover under Employers' Liability Act, see note in **Ann. Cas.** 1918A, 1070.]

APPEAL from a judgment of the Superior Court of the county of Cochise. A. G. McAlister, Judge. Affirmed.

Mr. David Benshimol, for Appellant.

Mr. R. N. French, Mr. Bruce Stephenson and Mr. C. V. Manatt, for Appellee.

CUNNINGHAM, C. J.—The plaintiff expressly alleges in his complaint "that this action is brought under the provisions

of title 14, chapter 6, Civil Code of Arizona of 1913." Consequently, he is precluded by such election of remedy from a recovery other than permissible under said employers' liability law. The sufficiency of his complaint to state facts constituting a cause of action given by such statute must be tested with reference to the requirements of said statute, and the proof must support the complaint both as to the facts authorizing a recovery and as to the amount of damages recovered.

The defendant demurred to the complaint on the grounds of insufficiency of facts stated to constitute a cause of action; on the special grounds that the facts stated do not constitute an allegation that sets forth a condition or conditions of the employment of the plaintiff, nor show that plaintiff's injuries received were due to a condition or conditions of the plaintiff's employment because the complaint sets forth and unites therein two separate and distinct causes of action, that is, a cause of action based upon the employers' liability law, and also a cause of action based upon negligence under the common law; that the employers' liability law is invalid because it attempts to deprive the defendant of its property without due process of law, and denies it the equal protection of the law by subjecting it to unlimited liability for damages for personal injuries suffered by its employees without fault, or any negligence on its part; and because said statute attempts to deprive the defendant of the right to wholly defeat an action based upon said statute by interposing a defense of contributory negligence.

The objections to the validity of the statute based upon constitutional grounds have been considered recently by this court in *Inspiration Consolidated Copper Co.* v. *Mendez,* 19 Ariz. 151, 166 Pac. 278, and in *Superior & Pittsburg Copper Co.* v. *Tomich,* 19 Ariz. 182, 165 Pac. 1101, wherein such questions were decided adversely to this appellant's contention. We then held that said employers' liability law is a valid enactment and is not in conflict with the constitutional provisions here invoked. The appellant in its brief expressly refers to the arguments made in this court in the Tomich case, then pending, and relies upon such argument "and citations referred to in the brief of the defendant appellant in the case of *Tomich* v. *Superior & Pittsburg*

*Copper Company.''*  Since this brief was filed, said Tomich case has been decided as indicated above.

The plaintiff, in order to recover under the employers' liability law, is required to allege in his complaint and sustain by evidence that he was employed by the defendant in an occupation declared hazardous, and while engaged in the performance of the duties required of him was injured, and the injury was caused by an accident due to a condition or conditions of such employment, and was not caused by the negligence of plaintiff. The statute (paragraph 3155) declares that ''By reason of the nature and conditions of, and the means used and provided for doing the work in, said occupations, such service is especially dangerous and hazardous to the workmen therein, because of risks and hazards which are inherent in such occupations, and which are unavoidable by the workmen [engaged] therein.''

Hence (paragraph 3158) ''When in the course of work in any of the employments or occupations enumerated in, . . . personal injuries or death by any accident arising out of and in the course of such labor, service and occupation, and due to a condition or conditions of such occupation or employment, is caused to or suffered by any workman engaged therein, in all cases in which such injury or death of such employee shall not have been caused by the negligence of the employee killed or injured, then the employer of such employee shall be liable in damages. . . . ''

The complaint shows that the defendant was engaged in operating a smelter and machinery incident thereto; that at the time of the accident, January 15, 1915, the plaintiff was in the service of the defendant engaged in performing his duties about the said smelter, including the duty '' . . . in the event of an emergency or accident to assist and aid in restoring conditions and putting things in working order.''

The surroundings in which plaintiff was performing his duties are described in the complaint with sufficient fullness to show that the risks and hazards assumed by the employee are great and inherent in the occupation, and unavoidable by the workmen. Any deficiency in this respect in the complaint is cured by the answer in which is described in detail all of the appliances used and the manner of their use, expressly admitting in this connection:

"That the occupation of the plaintiff, as admitted herein, was a hazardous one and required on the part of the employees great care."

Consequently, the facts pleaded are sufficient to set forth conditions of plaintiff's employment which required him to assume risks and hazards inherent in the occupation he was then engaged in, which he was not able to avoid, and continue in the occupation. The accident is described in the complaint briefly as follows:

That on the fifteenth day of January, 1915, while plaintiff was engaged in assisting other coemployees to adjust a car to the track from which it had been thrown in some unexplained manner, not important, " . . . and which plaintiff was assisting and aiding in putting the said car back on the tracks," the car was made to appear to plaintiff as in the act of turning over on him, and plaintiff in order to escape from injury by the overturning car jumped, "and as he jumped he caught his foot on an iron bar and fell into an open slag spout, and by reason thereof plaintiff received serious injury to his right leg. The said injury was caused by an accident, to wit, the carelessness and negligence of the defendant, its agents, servants, and employees, in causing the said fettling cars to be thrown from, jump, or leave the track, and the cry of the said coemployee of the plaintiff and servant and agent of the defendant that the car was turning over as aforesaid, and the carelessness and negligence of the defendant, its agents, servants and employees, in leaving open the said slag spout as aforesaid, and the fall of the plaintiff into the said slag spout as aforesaid, which in the employment of the defendant and in the performance of his duties as such employee of the defendant in the said hazardous occupation aforesaid and the injury received by the plaintiff was not caused by the negligence or fault of plaintiff."

This language, stripped of its many qualifying adjectives, sets forth the fact that the plaintiff, while assisting other employees to replace a fettle car on a track, believed the car was overturning and falling on him, and, in order to escape from the falling car, plaintiff jumped and fell striking an open slag spout, thereby seriously injuring his leg. The fact that the car became derailed from carelessness of employees only furnished the occasion for the plaintiff's

presence and participation in the act of replacing the car. The complaint does not allege that as a fact the fettling car was overturning, or that it did overturn, but the plaintiff was led to believe it was overturning from the warning given by another employee present. The plaintiff, acting on appearances and his belief from such warning, jumped and was injured thereby.

Consequently, the accident was occasioned by an accident arising out of and in the course of plaintiff's labor, service, or employment and due to a condition or conditions of such occupation or employment. If the alleged facts constitute negligence on the part of the employee, it arises from the risks and hazards which are attributable to the place at which the plaintiff was required to labor and to the appliances which he was then using and to his belief induced by the other employee to the effect that serious injury to him was imminent from the overturning of a loaded car. All of which risks and hazards are inherent in such occupation, and they are unavoidable by the workmen engaged therein, if we are to regard the defendant's answer.

The answer sets forth in detail the circumstances surrounding the place of the accident, the employment engaged in at the time, and the apparatus necessarily used for the purpose, describing the track, car, floor and openings in the floor, and alleges:

That the floor is made almost entirely of sheet iron, "and in said floor were many openings, small and large, made necessary by the mechanical requirements of operation of appliances used in the smelting processes of the defendant; that the occupation of the plaintiff, as admitted herein, was a hazardous one, and required on the part of the employees great care; that on or about January 15, 1915, the plaintiff, while engaged in handling one of said cars on said tracks, stepped backward without looking to observe where he was stepping, though well aware of the number of openings in said floor, and stuck his foot into an opening outside of the line of tracks, and would have fallen into it but for the assistance of some of his fellow employees; that at the time that the plaintiff put his right foot down into said opening his hands were upon the car which he was handling; that the opening into which the plaintiff stuck his foot was a space

necessarily left open to allow workmen to go down into it, to remove adhesions to the side and bottom of the slag spout which lay immediately underneath said opening, and from its position and inaccessibility the opening to it is not and cannot be closed from above; and that at all times during the time plaintiff was employed by the defendant the opening to the slag spout in question, and to all others at said smelter, were open and continue to be and remain open from above because of mechanical necessity; that the plaintiff, notwithstanding his negligent and careless act as aforesaid, in stepping into said opening, received no injury.''

The allegations of the complaint are general, and therefore in a measure indefinite and uncertain as to the exact conditions existing at the time of the accident, and when attacked by a proper pleading should have been amended so as to more clearly and certainly set forth the facts relied upon to the end that the court and the defendant may be fully informed thereof. The trial court's failure to require such pleading amended in the particulars in question is not such error as requires a reversal, because the answer supplies all defects in this respect in the complaint, and consequently the defendant is not harmed by having been misled to its disadvantage.

The facts stated generally are sufficient when attacked by a general demurrer to constitute a cause of action in contemplation of the employers' liability law.

The defendant demurs to the complaint specially upon the ground that two separate and inconsistent causes of action are attempted to be set forth therein, one a cause of action given by the employers' liability law, and the other the common-law action for negligence. This is a sufficient ground for demurrer in a proper case; but in the complaint in this case the plaintiff expressly alleges that the action is brought under chapter 6 of title 14, Revised Statutes of Arizona of 1913 (Civ. Code), the employers' liability law, and the plaintiff is limited to a recovery by said law. The expressions used in setting forth the facts constituting plaintiff's cause of action in which the words ''carelessness,'' ''negligence,'' and other words ordinarily used in setting forth negligence as a cause of action have no place in a complaint of the kind setting forth a cause of action under the em-

ployers' liability law, and when used by the pleader, if not stricken out, are immaterial surplusage, need not be proven and may be ignored altogether; provided the facts stated otherwise are sufficient to constitute a cause of action under the law upon which the plaintiff expressly states that he is relying. Of course, justice and fairness require that the plaintiff be held to bring himself within the conditions pre-scribed by the law relied upon, and confine his right to recover to the law he relies upon in his complaint. If he expressly alleges, as this plaintiff has done, that he relies upon the employers' liability law for a recovery, he cannot thereafter take the inconsistent position that the facts stated in his complaint, though insufficient to constitute a cause of action under such law, yet they are sufficient to constitute a cause of action, for instance, for negligence under the common law. Certainly, if the plaintiff is precluded by his complaint from making such change of claim, the defendant is not justified in demurring to the complaint upon the grounds that some form of action other than that relied upon by the plaintiff is attempted to be set forth, and therefore two causes of action inconsistent in their nature are joined in the complaint. The appropriate remedy is a motion to strike, else to treat such immaterial matters as surplusage and ignore them altogether.

The answer of the defendant set forth in part above is treated by the defendant as setting forth facts sufficient to show that the plaintiff's injuries are partially attributable to plaintiff's lack of care in the circumstances in which he was occupied. Hence the plaintiff's negligence concurring with the inherent risks and hazards of the employment caused the injuries complained of. Such condition does not constitute negligence of the plaintiff such as will defeat a recovery (*Superior & Pittsburg Copper Co.* v. *Tomich,* 19 Ariz. 182, 165 Pac. 1101, 1185), but necessarily constitutes contributory negligence such as is within the contemplation of the proviso found in paragraph 3159, *supra.* The proviso of the statute is a modification of the common-law rule. In *Missouri P. Ry. Co.* v. *Castle,* 224 U. S. 541, 56 L. Ed. 875, 32 Sup. Ct. Rep. 606, the supreme court of the United States sustained the validity of a like provision of a Nebraska statute. This court, in *Superior & Pittsburg Copper Co.* v. *Tomich, supra,* treated this provision as constitutionally valid,

relying upon principles of law analogous to those recognized in the Castle case, *supra.* Certainly, the right to interpose contributory negligence in such actions is not denied by the statute, but is modified, and, as modified by the statute, fully recognized as a just though partial defense.

However, the defendant does not rely upon the facts stated in his answer as sufficient to set forth contributory negligence as a defense, but contends that the facts stated are sufficient to constitute negligence on the part of the plaintiff as the sole efficient and proximate cause of his injuries, and therefore a complete defense to the action. In such state of the pleadings and defendant's contention as to the effect to be given its pleading, it is in no position to raise the question of the validity of the proviso of the statute in question. It does not rely upon the proviso, nor upon any right of defense which conflicts with or is modified by the said proviso.

The plaintiff is required to prove, by a preponderance of the evidence to the satisfaction of the jury the actual loss he has sustained proximately caused by the alleged accident. The appellee contends that the testimony of the plaintiff is that plaintiff was unable to work for a time after the accident, and that a formation developed on his right leg at the place on the leg which was bruised. The said formation was exhibited to and examined by the jury and was the subject of testimony by at least three physicians. That the development of the said leg was the result of the accident seems to be fairly sustained by the testimony. Whether plaintiff suffered any pain at any time can only be inferred by the jury from all of the evidence before them. Whether plaintiff suffered any loss, and, if any, what loss he sustained, is for the jury's determination from a consideration of all of the evidence under the instructions of the court.

The appellant assigns as error that the verdict is excessive in amount, contending that the plaintiff's evidence failed to sustain certain alleged elements of damages. The appellant did not allege excessive damages as a ground for a new trial; consequently, that matter cannot be raised for the first time in this court on appeal, it not having been urged by a motion for a new trial.

The errors that have been assigned but not discussed have been duly considered and upon the whole case we are of the

opinion that the record is without reversible error, and the judgment must be affirmed.

JOHN WILSON ROSS, J., concurs.

HENRY D. ROSS, J., being absent on account of sickness, took no part in the decision of this cause.

On the question of liability of master for acts within scope of servant's employment, see note in 27 L. R. A. 167.

On right of appellate courts to grant new trials for excessiveness of damages, see note in 26 L. R. A. 391.