[Civil No. 1824. Filed March 5, 1921.]

[196 Pac. 167.]

# YOUNG MINES COMPANY, LIMITED, a Corporation, Appellant, v. BEN L. BLACKBURN, Appellee.

1. APPEAL AND ERROR—ORDER REINSTATING CASE FOR TRIAL APPEALABLE AS A "SPECIAL ORDER."—An order reinstating for trial a case dismissed for lack of prosecution which is the same as an order vacating an order of dismissal is in effect the reversal of a judgment in favor of the defendant, and, having been made after a final judgment of dismissal, comes within the class designated in Civil Code of 1913, paragraph 1227, subdivision 2, and is appealable as a special order.

2. DISMISSAL AND NONSUIT—QUESTION OF LACK OF JURISDICTION TO REINSTATE WAIVED BY DEFENDING.—Where an order of reinstatement for trial of an action dismissed for want of prosecution was made after court had lost jurisdiction to make any further order in the cause by reason of Civil Code of 1913, paragraph 600, defendant by failing to appeal from such order or applying for writ of prohibition waived objection by subsequently appearing and defending the action.

3. APPEAL AND ERROR—RELATIVE TO TIME TO APPEAL, ORDER OF DISMISSAL IS A "FINAL JUDGMENT."—An order of dismissal is a final judgment within the meaning of Civil Code of 1913, paragraph 1233, providing that an appeal be taken within six months from a final judgment, but an order vacating an order of dismissal falls within the class of orders from which appeals may be taken within sixty days.

4. DISMISSAL AND NONSUIT—SUPERIOR COURT HAS INHERENT POWER TO DISMISS FOR WANT OF PROSECUTION.—The superior court has inherent power to dismiss a case for want of prosecution, but the facts upon which such order is based should be such as to justify the action taken.

5. DISMISSAL AND NONSUIT—DISMISSAL WITHOUT NOTICE TO PARTIES INEFFECTIVE AND REINSTATEMENT NOT ERROR.—An order of dismissal of a case for want of prosecution without notice or knowledge of either party is ineffective, since the plaintiff might thereby arbitrarily be deprived of his right to appeal or complain thereof under Civil Code of 1913, paragraph 600, and an order reinstating the cause after the expiration of seventeen months, being a matter of discretion, was not error.

6. EVIDENCE—WITNESSES—DIAGRAM USED BY WITNESS TO ILLUSTRATE NEED NOT BE PROVEN CORRECT, BUT, WHEN INTRODUCED IN EVIDENCE, MUST BE AUTHENTICATED.—If a map or diagram is offered as an independent piece of evidence, its correctness must be proven as a prerequisite to its introduction, but where the purpose of its use is to illustrate what a witness is saying, such strict proof is not necessary, and all that is required in such case is that such drawings be sufficiently correct as to enable the jury or the court to understand better the statements of the witness.

7. NEGLIGENCE—NOTHING LESS THAN SOLE NEGLIGENCE OF EMPLOYEE WILL BAR RECOVERY UNDER EMPLOYERS' LIABILITY LAW.—Nothing less than the sole negligence of the employee injured will bar an action based on the Employers' Liability Law for damages, and the court did not err in instructing that employee was entitled to recover unless the injury complained of was brought about "solely by his own negligence."

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Affirmed.

Messrs. Alexander, Christy & Baxter, for Appellant.

Messrs. Dougherty & Dougherty and Mr. J. W. Pruitt, for Appellee.

McALISTER, J.—This is an action under the Employers' Liability Law (Civ. Code 1913, pars. 3153–3162) in which Ben L. Blackburn, appellee, seeks to recover damages for personal injuries alleged to have been received by him while in the employ of the appellant, Young Mines Company, Limited, a corporation. A trial before a jury resulted in a verdict for appellee in the sum of $3,500. This appeal is from a judgment on that verdict, from an order denying appellant's motion for a new trial, and "from the lack of jurisdiction of the court."

The complaint was filed June 16, 1915, to which answer was made in due time. The case was first

7. On construction and effect of workmen's compensation acts, generally, see notes in L. R. A. 1916A, 23; L. R. A. 1917D, 89.

set for trial for November 13, 1916, but, for some reason not disclosed by the record, was not then tried. It was again set for trial for May 17, 1917, and later for June 18, 1917. No further setting was made until March 3, 1919, when, at the request of counsel for appellee, April 24th following was appointed as the day for trial. Appellant's counsel, however, on April 23, 1919, gained the consent of counsel for appellee to a further continuance, and immediately thereafter visited the superior court for the purpose of having the trial order for the following day vacated, in accordance with this understanding, but while there ascertained from the clerk's records that the case had been dismissed by the court of its own motion on January 14, 1918, for want of prosecution. By letter he immediately informed counsel for appellee of this fact, stating at the same time that he was of the opinion that the court, by reason thereof, had lost jurisdiction to make any further order in the case. June 7, 1919, however, on motion of appellee's counsel, the cause was reinstated, and a trial thereafter had, resulting in a verdict on January 29, 1920. No appeal was taken from the order reinstating within either sixty days or six months from the date of the entry thereof, but notice of appeal from the judgment, the order denying the motion for new trial, and "from the lack of jurisdiction of the court" was given on March 6, 1920, and the appeal perfected and filed in this court on June 3d following.

The errors assigned are grouped under four propositions, namely: First, the jurisdiction of the court; second, the use of certain diagrams to illustrate testimony; third, the refusal to give certain instructions; and, fourth, the giving of certain other instructions.

The proposition upon which appellant chiefly relies is the order of the court reinstating the case after it had been dismissed for a period of nearly seven-

teen months; his contention being that the court lost jurisdiction to make any further order therein under the provisions of paragraph 600 of the Revised Statutes of 1913, which empowers the court to relieve against an order or judgment, under certain conditions, any time within six months after the entry or making thereof. If the court acted within the scope of its authority under the particular facts of this case in dismissing the action for want of prosecution, this contention would be correct, but the question arises whether appellant, in attempting to protect itself against the order thereafter made and entered reinstating the cause, pursued the remedy prescribed by statute. It is urged by appellee that, inasmuch as no appeal was taken from the order reinstating within sixty days from the making and entry thereof, appellant is precluded from thereafter raising the question, under the provisions of paragraph 1233 of the Revised Statutes of 1913, reading as follows:

"An appeal may be taken from a final judgment of the superior court in a civil action, or special proceeding commenced in such court, at any time within six months after the rendition of such judgment, and from any other judgment or order at any time within sixty days after the making of such order."

If the order of June 6, 1919, reinstating the cause is appealable this contention would seem to be well founded. An order reinstating, which is the same as an order vacating an order of dismissal, is in effect the reversal of a judgment in favor of the defendant; for it has the effect of depriving him of a judgment in his favor. Such an order having been made after a final judgment of dismissal, comes within the class designated in subdivision 2, paragraph 1227 of the Revised Statutes of 1913, as "special order made after final judgment." The appeal in the case of

*James et al.* v. *Center et al.,* 53 Cal. 31, was from an order vacating an order of dismissal, and the Supreme Court of that state, under a statute very similar to ours, said:

"The order appealed from was an order made after judgment, and therefore the subject of appeal."

And again in the case of *Kaufman* v. *Superior Court, etc.,* 108 Cal. 446, 41 Pac. 476, the same court said:

"The order . . . setting aside the former judgment of dismissal was undoubtedly an appealable order, as expressly held in *Livermore* v. *Campbell.*"

It is clear, therefore, that the order of reinstatement, having been made several months after the court entering it had lost jurisdiction to make any further order in the cause by reason of the provisions of paragraph 600 of the Revised Statutes of 1913— that is, provided the order of dismissal was made in the proper exercise of the court's power—should have been appealed from, and the proceedings from then on treated as *coram non judice,* or application made to the proper court for a writ prohibiting further unauthorized action by the court in the absence of its jurisdiction. Appellant did not follow this course, but, after objecting to the order reinstating and to the proceedings thereafter taken, appeared at the trial and defended the action. In fact, up to April 23, 1919, when it was incidentally learned that the order of dismissal had been made, counsel for both sides and the court, as well, had treated the action as a live existing one, the same as though no order striking it from the calendar had been made. This is shown by the trial order made March 3, 1919, nearly fourteen months after dismissal, as well as by the fact that counsel for appellant obtained the consent of counsel for appellee on April 23, 1919, to a further

continuance, and was in court for the purpose of making this effective when he learned 'of the dismissal. Under these conditions it must be held that appellant waived its objection to the reinstatement of the case, even though such order was made more than six months after the dismissal. Almost an identical situation was before the Supreme Court of Alabama in the case of *Byrd* v. *McDaniel*, 26 Ala. 582, and in disposing of it the following language was used:

"The chancellor was wholly without jurisdiction to reinstate this cause at a term subsequent to that at which it had been dismissed and finally disposed of, no motion having been made for reinstating at the term at which it was dismissed, and continued to such subsequent term. The defendant might, therefore, have treated the whole proceeding as *coram non judice,* after the cause was again put upon the docket, or (which would have been, perhaps, the more appropriate course) have applied to this court for the writ of prohibition, to arrest the unauthorized action of the chancellor in proceeding with a cause in the absence of jurisdiction. He did not, however, do this; but, when the cause was ordered to be reinstated, he appealed to this court, and, without taking any further steps, went on to engage in the defense, by crossing interrogatories, entering into consent, objecting to the proof as illegal, etc. Under these circumstances, the defendant must be considered as having waived his objection to reinstating the case. The case of *Hair* v. *Moody,* 9 Ala. 399, is an express authority to this point, and we are not disposed to depart from the principle of that decision."

The provision that the court loses jurisdiction to enter an order affecting the judgment at a subsequent term of the court, unless a motion to that effect has been made at the term the judgment was entered, is the same in principle as the provisions of paragraph 600 of Arizona's statute, giving the court jurisdiction over its judgments for a period of six months after their entry.

In the case of *Grand Pacific Hotel Co.* v. *Pinkerton,* 217 Ill. 61, 75 N. E. 427, the Supreme Court of Illinois used the following language:

"In addition to what has been said above, after this cause was reinstated the appellant appeared and took part in the proceedings, as appears from the recitation of facts already made. It thereby waived its right to except to the order of the court reinstating the cause. After the cause was reinstated the appellant should not have appeared at all, or, at most, should have confined itself to the resistance of any action proposed by the appellees."

Inasmuch as no action looking toward an appeal from the order vacating the order of dismissal was taken until a period of nine months had elapsed, when notice of appeal from the judgment, from the order denying the motion for a new trial, and "from the lack of jurisdiction of the court" was given, it is not material to inquire whether such order should have been appealed from within six months or sixty days to constitute a waiver by appellant of the six months' limitation contained in paragraph 600. It is only necessary that it come within one class or the other. There is no question but that an order of dismissal is a final judgment within the meaning of paragraph 1233, for it disposes of the particular action in which it is made, is equivalent to a judgment in favor of the defendant, and in many instances is a bar to any further litigation on the same subject matter, as, for instance, where limitation has run against the cause of action at the time of dismissal. 2 Hayne's New Trial and Appeal (Rev. Ed.), par. 184, pp. 953, 954, and note; *Zoller et al.* v. *McDonald;* 23 Cal. 136; *Dowling et al.* v. *Polack,* 18 Cal. 625; *Leese* v. *Sherwood,* 21 Cal. 151; *Williams* v. *Field,* 60 Am. Dec. 427, note; *Holter L. Co.* v. *Fireman's Fund Ins. Co.,* 18 Mont. 286, 45 Pac. 207. But an order vacating an order of dismissal, being an order after

final judgment, necessarily falls within the class of orders or judgments from which appeals may be taken within sixty days. California, under a statute substantially the same as Arizona's on this subject, holds that such an order is not a final judgment. 2 Hayne's New Trial and Appeal (Rev. Ed.), p. 954, note.

In this case the dismissal of the action was ordered by the court of its own motion, without any notice to either side that such action would be considered, though the attorneys of both parties were well-known residents of Maricopa county and could easily have been reached. It was not made in pursuance of any statute or rule of court governing such matters. Neither was appellee nor his attorney notified of such action, but only learned of it incidentally about sixteen months afterwards, through the attorney for appellant, who on April 23, 1919, was in court for the purpose of having continued the trial order for the following day, which had been made on March 3, 1919, at the request of the attorney for appellee, notwithstanding the order of dismissal of January 14, 1918, knowledge of which neither of the parties then had. At the time of dismissal the case had been on the docket less than eighteen months, and there were three separate settings for trial up to that time. Just why it was not tried on any of these dates is not disclosed by the record. It is true the superior court has inherent power to dismiss a case for want of prosecution (*People* v. *Jefferds,* 126 Cal. 296, 58 Pac. 704), but, as is true of every act of that court, the facts upon which such an order is based should be such as to justify the action taken. To hold a litigant amenable to the provisions of paragraph 600, under these circumstances, would be equivalent to depriving him arbitrarily of his right to his day in court. We think the order of dismissal ineffective, and the action of the court so treating it proper, in

view of the insufficiency of the facts upon which it was based. The order reinstating the cause, therefore, being, under the circumstances, a matter of discretion, was not error. 14 C. J., p. 460.

In his opening statement to the jury counsel for appellee referred to a diagram he had drawn representing in a general way certain parts of the stamp-mill in which appellee was working at the time of the accident causing the injury to his left wrist, hand, and fingers, as a result of their being caught between a tappet and an overhead piece of lumber, and also an injury to his right hand, resulting from its being caught and mashed between two tappets. The parts of the mill connected most directly with the accident appeared on the diagram. Later in the trial Blackburn, the plaintiff, when testifying, also referred to the diagram to illustrate and make clearer the testimony he was giving regarding the working of those parts of the machinery which caused the injury complained of, to wit, batteries, stamps, tappets, keys, etc. The diagram was not introduced in evidence; neither did anyone testify as to its absolute correctness. The ruling of the court allowing it to be used under these circumstances and for this purpose is assigned as error. If a map or diagram is offered as an independent piece of evidence, its correctness must be proven as a prerequisite to its introduction, but, where the purpose of its use is to illustrate what the witness is saying, such strict proof is not necessary. It is a common practice in all *nisi prius* courts to allow witnesses, while on the stand, to make drawings for the purpose of making their statements more fully understood. It is not required that such drawings be absolutely correct, but sufficiently so to enable the jury or the court to understand better the statements of the witness. In the case of *Jordan* v. *Duke,* 6 Ariz. 55, 53 Pac. 197, this court used the following

language in disposing of an assignment of error based on the admission in evidence, to illustrate testimony, of a map of which it was claimed it was not shown to be correct:

"Appellants insist that before a map can be admitted in evidence it must be proved to be correct. That is not always the case. If it is to be used in evidence as a substantive and independent piece of evidence, the appellants are correct, but if it is only to be used as an illustration of what the witness details, no such proof is necessary; but in this instance the maps were proven to be correct representations of the lines connecting the objects pointed out to the surveyor by Ferguson. It is not necessary that the map should be able to stand the tests of Ferguson's evidence as to the particular monuments being the correct monuments of the locations testified to by him. The maps were used in connection with the evidence of witnesses that they might show to the jury that which they were endeavoring by words to explain; and, being used for that purpose, the practice is too common in *nisi prius* courts and too well settled by appellate courts to meet with anything but our approval."

The rule is well stated by the Supreme Court of Alabama in *Campbell* v. *State,* 23 Ala. 44, in the following language:

"A witness may use a plat, diagram, or map made in any way to explain or make himself intelligible to a jury, though it cannot go to them as evidence."

The refusal to give certain instructions requested by the defendant, as well as the giving of others to which it objected, is assigned as error. The following are those given, to which objection is made:

"You are instructed that, where an action such as this one is brought under the Employers' Liability Law of this state, it is not necessary for the plaintiff to prove negligence on the part of employer. Without proof of such negligence, the other necessary

elements being proven, the employee is entitled to recover unless the injury complained of was brought about solely by his own negligence.

"The fact that the plaintiff may have been guilty of some negligence does not prevent him from recovery, all other elements being proven, unless you find that the injury was caused solely by the plaintiff's own negligence.

"You are instructed that, if you find that the plaintiff was at the time of the injury sustained by him acting within the scope of his duties in the employment of the Young Mines Company, Limited, and that he was then working in a mill operated by steam power, and that such injury arose out of and in the course of his labor, services, and employment and due to a condition or conditions of such occupation or employment, and that such injury was not caused solely by his own negligence, then your verdict will be for the plaintiff."

The objection urged is that these instructions using the word "sole" as applied to negligence in the expression, "solely by his own negligence" are not justified, because they give a different meaning to the statute from that intended. On first thought it would rather look as if the term "solely by his own negligence" is stronger than the law justifies, in that the word "sole," as applied to negligence, would appear to require a higher degree of negligence than the law requires to defeat a recovery under the Employers' Liability Law; but only a cursory examination of the matter discloses that such is not the case. In order to justify a recovery under the Employers' Liability Law, this court said, in the case of *Calumet & Arizona Mining Co.* v. *Chambers,* 20 Ariz. 54, 176 Pac. 839, that it must appear that the plaintiff "was employed by the defendant in an occupation declared hazardous, and while engaged in the performance of the duties required of him was injured, and the injury was caused by an accident due to a condition or con-

ditions of such employment, and was not caused by the negligence of plaintiff.'' To say that the accident resulting in the injury was brought about by the ''sole negligence of the employee'' adds nothing to the meaning of the statute, for the term ''negligence of the employee'' means what it says, the employee's negligence, and not the negligence of the employer nor of anyone else. It implies that no one other than the plaintiff or employee was instrumental in bringing about the injury, containing the idea of sole responsibility. That the employer is more negligent than the employee, or that the employee is more negligent than the employer, or that they are equally negligent, cannot be gained from this expression. The moment it is apparent that the negligence of the employee is not the sole cause of the injury, the right to recover in some amount exists; the extent of the damage being, under proper instructions, for the jury. The instructions are directly in line with the holding of this court in the case of *Superior & Pittsburg Copper Co.* v. *Tomich,* 19 Ariz. 182, 165 Pac. 1101, 1185, when it said that ''nothing less than the sole negligence of the employee injured will bar an action based on the statute for damages.''

Appellant contends that, if an action under the Employers' Liability Law can be defeated only when the sole negligence of the plaintiff is made to appear, no case can be successfully defended. He cites in substantiation of this the case of *Calumet & Arizona Mining Co.* v. *Gardner,* 21 Ariz. 206, 187 Pac. 563, in which, he asserts, the facts show that the plaintiff was not killed solely by his own negligence, for the simple reason that the electric current itself killed him. It is true that Gardner's death was caused by the electric current, but the court merely held that he was solely responsible for the negligent act leading to that result, to wit, the grasping of a highly electrified blade

in a switchboard, the placing of himself in contact with the deadly current, and that, in consequence of his sole negligence in this respect, he could not recover. No rule is announced in that decision which reverses or even modifies the holding of this court in the opinions theretofore rendered to the effect that only the sole negligence of the plaintiff would defeat recovery in an action under the Employers' Liability Law.

The assignment of error based on the court's refusal to give certain requested instructions we think it unnecessary to discuss. A reading of all the instructions leads to the conclusion that the law of the case was correctly presented to the jury.

No error appearing in the record, the judgment is affirmed.

ROSS, C. J., and BAKER, J., concur.