[Civil No. 1803.    Filed November 24, 1920.]

[193 Pac. 304.]

## CONSOLIDATED ARIZONA SMELTING . COMPANY, a Corporation, Appellant, v. JUAN GONZALES, Appellee.

Negligence—Instruction on Reduction of Recovery by Contributory Negligence Held Outside the Pleading.—In action under Employers' Liability Act for injuries to servant, instruction as to reduction of recovery by contributory negligence *held* improper where answer did not rely on partial defense, but charged that plaintiff's negligence was the proximate cause of the injury.

APPEAL from a judgment of the Superior Court of the County of Yavapai.    John J. Sweeney, Judge. Reversed and remanded.

Mr. Leroy Anderson, Mr. R. McMurchie and Mr. C. W. Nilsson, for Appellant.

Mr. F. C. Struckmeyer, Mr. R. B. Westervelt and Mr. Clarence E. Johns, for Appellee.

CUNNINGHAM, C. J.—The complaint sets forth that the plaintiff was engaged in working in a shaft of defendant's mine, and that while so employed by the defendant, he suffered severe personal injuries "by an accident arising out of, and in the course of, his said labor, service and employment, and due to a condition or conditions of such occupation and employment, . . . and while doing and performing manual labor, to wit, timbering within such shaft or mine,

while so at work, was struck," etc. The claim of damages in the sum of $15,000 follows.

The defendant interposed demurrers specifying numerous grounds therefor, all of which were overruled. The orders overruling the demurrers are not assigned as error, and for that reason we may not discuss them here. The answer set forth a large number of denials, raising issues of facts. Among the issues so raised appears the defense that plaintiff's injuries "were caused by the negligence, carelessness, fault and improper conduct of the plaintiff, and would not have occurred but for his negligence, carelessness, fault and improper conduct, and that the said plaintiff's carelessness, fault, negligence and improper conduct was the proximate and direct cause of his said injuries. . . ."

The further answer is that the injuries were caused by the violation by plaintiff of the orders, rules, regulations and instructions promulgated by the defendant for the safety of the employees and for the protection of its property, of all of which plaintiff had knowledge.

The action is concededly one under the employers' liability law (Civ. Code 1913, pars. 3153–3162), and the said answers squarely set up the defense of the plaintiff's negligence as the cause of his injuries. Such a defense is proper (paragraph 3155, Civ. Code Ariz. 1913), and, when sustained by the evidence, is a complete defense (*Arizona Copper Co.* v. *Burciago,* 20 Ariz. 85, 177 Pac. 30). The court charged the jury fully as to the defense of the plaintiff's negligence and added another instruction, of which appellant complains, to wit:

"I charge you that, even though you may find from the evidence that the plaintiff, at the time of the injury, was guilty of negligence contributing to the bringing about of the injury to him, yet I instruct you such fact, if it was a fact, does not constitute a

bar to his right to recover, but, if you find that he was guilty of contributory negligence, then the damages shall be diminished by you in proportion to the amount of negligence attributable to the plaintiff.''

The partial defense of contributory negligence by the plaintiff was clearly submitted by this instruction to the jury. The defendant had not injected into the case the partial defense of contributory negligence. The defendant may plead contributory negligence in diminution of the damages, if he so desires, but the plaintiff cannot plead such special item for him. We said in the Burciago case, *supra,* that contributory negligence becomes an element in employers' liability cases only whenever the defendant pleads contributory negligence. The statute clearly gives the defendant employer exclusive right to interpose contributory negligence as an element reducing the amount of the recovery. Neither the plaintiff nor the court can anticipate such element of defense. Whenever the defendant employer pleads in his answer the negligence of the employee plaintiff as contributing to the plaintiff's damages, the answer necessarily becomes one in the nature of the common-law plea in confession and avoidance, confessing some degree of negligence on the part of the defendant, and setting up the negligence of the plaintiff concurring, as offsetting a portion of the damages caused from the negligence of the defendant. Such defense is a special privilege defense, of which the defendant alone may, at his option, invoke.

This view does not conflict with the view expressed in the *Chambers case,* 20 Ariz. 54, 176 Pac. 839. In that case the defendant in its answer set forth facts sufficient to show that the plaintiff's injuries were partially attributable to plaintiff's lack of care at the time of the accident. No such facts appear in the defendant's answer in this case. The instruction complained of clearly submitted the question of contribu-

tory negligence to the jury in the absence of any such issue raised in the case. The effect of such instruction was to require the jury to return a verdict for the plaintiff for the difference between the damages caused by the defendant's negligence, less the damages caused by the plaintiff's concurring negligence. A verdict for plaintiff for some amount was required. The instruction was beyond the issues raised and clearly tended to prejudice the right of the defendant.

The appellant alleges other errors, but we will not discuss them at this time in view of the necessity of a new trial.

The judgment is reversed and the cause remanded, with instructions to grant a new trial.

ROSS, J.—I concur in the order of reversal, but I prefer withholding the decision of the question as to whether the defense of contributory negligence may ever be interposed in actions under the employers' liability law or not until it is involved and fully presented. It is not made an issue in the present case, and that is the reason, as I understand it, why the Chief Justice holds the instructions submitting it to the jury to be reversible error. It is an abstract question so far as the issues of this case are concerned, and whatever is said about it as a defense is pure *dictum.*

BAKER, J., concurs.