[Civil No. 1774.   Filed November 24, 1920.]

[193 Pac. 305.]

## INSPIRATION CONSOLIDATED COPPER COMPANY, a Corporation, Appellant, v. OSCAR L. TAYLOR, Appellee.

MASTER AND SERVANT—INSTRUCTION ON CONTRIBUTORY NEGLIGENCE IMPROPER WHERE ANSWER WAS GENERAL DENIAL.—In an action under the Employers' Liability Act, where the answer was a general denial, it was error for the court at plaintiff's request to instruct on contributory negligence.

APPEAL from a judgment of the Superior Court of the County of Gila.  G. W. Shute, Judge.  Reversed and remanded.

Mr. Edward W. Rice, for Appellant.

Mr. Norman J. Johnson, for Appellee.

CUNNINGHAM, C. J.—The plaintiff is suing to recover damages suffered from an injury to his left foot.  He alleges that his foot was crushed by a large rock falling upon it, while plaintiff was working in defendant's mine.  The usual facts are pleaded to bring the case under the employers' liability law, and the parties treat the case as one prosecuted under that statute.

The defendant formally demurred to the complaint, and answered in the following words: "This defendant denies each and every allegation in said complaint contained"—following with the formal prayer for relief.

One of the controverted points in the trial was whether or not the plaintiff used due care for his safety in prosecuting his work at the time the accident happened.

The court gave the following instruction to the jury, at the request of the plaintiff:

"You are instructed that the defense of contributory negligence under the laws of this state is a question of fact for you to determine and it is for you . . . . to determine and ascertain from the evidence in this case whether the plaintiff, Oscar Taylor, negligently contributed, if at all, to the causes which occasioned his injury."

The court gave the following instruction, also at the request of the plaintiff, to wit:

"You are instructed, gentlemen of the jury, that the question as to whether or not the plaintiff, Oscar Taylor, has been guilty of contributory negligence is a question of fact for you to determine, and if you believe from the evidence, if any, that the plaintiff, Oscar Taylor, did by his negligence contribute to his injury, you are instructed that you should diminish the amount of damages, if any, under the law, which you believe he is entitled to, in proportion to the amount of negligence attributable to the plaintiff, Oscar Taylor."

These instructions are assigned as error, and the appellant contends that they are erroneous, misleading, confusing and improperly given; that they are outside the issues made by the pleadings. We think the contentions of the appellant must be upheld. The defendant did not avail itself of the exclusive right to inject the question of contributory negligence into the case in order to diminish the amount of recovery, but it carefully avoided raising that issue. The giving of the instructions was prejudicial error and requires a reversal of the judgment. See *Consolidated Arizona Smelting Co.* v. *Gonzales, ante,* p. 628, 193 Pac. 304, as controlling this case.

Other errors are alleged, but, as a new trial must follow, we presume the court will not again fall into the same error, if error has otherwise been committed.

The judgment is reversed and the cause remanded, with instructions to grant a new trial.

ROSS, J.—I place upon my concurrence in the order of reversal the limitations and qualifications found in concurring opinion in *Consolidated Arizona Smelting Co. v. Gonzales, ante,* p. 628, 193 Pac. 304.

BAKER, J., concurs.