[Civil No. 2242.   Filed July 27, 1925.]

[238 Pac. 399.]

## EDITH PAUL, Appellant, v. RALPH PAUL, Appellee.

1. DISMISSAL AND NONSUIT—ORDER HELD NOT FINAL JUDGMENT PRECLUDING DISMISSAL FOR WANT OF PROSECUTION.—An order "that upon presentation by the plaintiff of a written judgment, and its approval and signing by the court, judgment will be rendered in favor of the plaintiff and against the defendant," is not a judgment determining the rights of the parties, and the court is warranted, in the absence of final written judgment as required, and on sufficient indication of abandonment in dismissing the action for want of prosecution.

2. DISMISSAL AND NONSUIT—SUPERIOR COURT HAS INHERENT POWER TO DISMISS FOR WANT OF PROSECUTION.—The superior court has inherent power to dismiss a case for want of prosecution.

3. DISMISSAL AND NONSUIT—PERIOD OF 16 MONTHS SINCE LAST ACTION HELD SUFFICIENT TO WARRANT DISMISSAL FOR WANT OF PROSECUTION.—That period of 16 months had elapsed after order for judgment without presentation of final judgment for approval and signing *held* to indicate abandonment of the suit on the part of the plaintiff sufficient to warrant trial judge in dismissing the case, with notice to plaintiff, for want of prosecution.

4. APPEAL AND ERROR—ORDER OF DISMISSAL HELD A "FINAL JUDGMENT" REQUIRING APPEAL WITHIN SIX MONTHS.—An order of dismissal is a final judgment, within the meaning of Civil Code of 1913, paragraph 1233, providing that an appeal be taken within six months from a final judgment.

5. DISMISSAL AND NONSUIT—APPLICATION TO VACATE ORDER DISMISSING ACTION HELD PROPERLY DENIED.—Application to vacate order of dismissal for want of prosecution made more than six months after entry of order, was properly denied, under Civil Code of 1913, paragraph 600; the court having lost jurisdiction to pass on the motion to vacate after the time to appeal therefrom had expired.

6. JUDGMENT—PROCEEDINGS TO VACATE MUST BE PURSUED IN THE MANNER STIPULATED IN THE LAW.—A party against whom a judgment has been rendered must pursue one of the modes provided by statute, if he feels himself aggrieved, to have it modified, vacated, or set aside, and he must do this within the time and in the manner stipulated in the law.

See (1) 18 **C. J.**, p. 1197 (Anno.). (2) 18 **C. J.**, pp. 1191, 1192. (3) 18 **C. J.**, p. 1197 (Anno.). (4) 3 **C. J.**, pp. 497, 1045. (5) 18 **C. J.**, p. 1210 (Anno.). (6) 34 **C. J.**, pp. 255, 319.

APPEAL from a judgment of the Superior Court of the County of Cochise. Alfred C. Lockwood, Judge. Affirmed.

Mr. David Benshimol, for Appellant.

No appearance for Appellee.

2.  See 9 **R. C. L.** 206.
4.  See 2 **R. C. L.** 42.
6.  See 15 **R. C. L.** 714.

SWEENEY, Superior Judge.—Edith Paul, now Edith Chenoweth, brought suit for divorce, on the ground of desertion, against Ralph Paul, her husband, on November 13th, 1916. Service of summons was made by publication. Defendant did not answer, and on October 6, 1917, his default was entered and the case was heard by the court before Hon. OTIS J. BAUGHN, sitting in the place of the honorable superior judge of Cochise county. Upon consideration of the premises, the court ordered:

" . . . That upon presentation by the plaintiff of a written judgment, and its approval and signing by the court, judgment will be rendered in favor of the plaintiff and against the defendant."

The record fails to disclose any rendering or entry of judgment, other than the above minute entry, in the cause, which was numbered 1641 on the civil docket of Cochise county.

Thereafter, on February 15, 1919, the superior court of Cochise county, Arizona, dismissed the action of *Paul* v. *Paul,* No. 1641, for want of prosecution. This was done on the court's own motion, and was not upon any motion on the part of the plaintiff, or her attorney or the defendant. The attorney for plaintiff made an affidavit stating that he received no notice that cause No. 1641, *Edith Paul* v. *Ralph Paul,* was to be heard by the court on February 15, 1919, and did not dismiss the cause.

The theory of the appellant on this appeal seems to be based on the idea that the court ordered and pronounced judgment for plaintiff, and that the rights of the parties were thereby determined. The appellant is laboring under the belief that judgment was rendered, and that the mere recording of it was an inadvertence on the part of someone. This does not seem to be borne out by the record. Entry in the above cause under date of October 6th, 1917, after the

case had been submitted to the court for decision, is as follows:

" . . . And that upon the presentation by the plaintiff of a written judgment, and its approval and signing by the court, judgment will be rendered in favor of the plaintiff and against the defendant."

Can it be said the foregoing form pronounced and rendered a judgment that established and finally determined the rights of the parties? I think not. It would appear from this there was no judgment rendered. It was said in the case of *Moulton* v. *Smith,* 23 Ariz. 319, 203 Pac. 562, and which has application to the practice in the superior court of Cochise county, the court from which this case comes on appeal:

"It might not be amiss to mention the very practical and suitable method adopted some years ago by the superior court of Cochise county, to meet this question. When the court is ready to render its decision and the written judgment has not been prepared, it orders entered in the minutes what it calls 'Form No. 1,' which is as follows:

" 'It is ordered that upon the presentation of a formal, written judgment by the ——, and its approval and signing by the court, judgment will be rendered in favor of the —— and against the ——.' "

This is the form which Judge BAUGHN, presiding judge, entered in the minutes, and the form merely states what the judgment will be, and is for the purpose of enabling counsel to prepare the formal judgment so that it may be filed simultaneously with the rendering of the judgment.

It appears from the record that no formal written judgment, as required by the court, was ever filed in the office of the clerk of the superior court, and why it was not filed is not shown by the record. Affidavit of Mr. R. N. French, attorney for the plaintiff in the case, states that to the best of his recollection he pre-

pared and forwarded one. However this may be, no such formal written judgment has ever been signed and approved by the court. The argument of counsel for appellant indicates his contention to be that, when the court used the following language: " . . . and that upon presentation by the plaintiff of a written judgment, and its approval and signing by the court, judgment will be rendered in favor of the plaintiff and against the defendant"—the court thereby determined the rights of the parties, and cites the case of *Estate of Cook*, 77 Cal. 220, 11 Am. St. Rep. 267, 1 L. R. A. 567, 17 Pac. 923, 19 Pac. 431, as standing on all fours with the instant case, *Paul* v. *Paul.*

In *Estate of Cook, supra,* the facts had been tried, judgment pronounced and ordered, but not prepared or entered of record. In that case both parties had regarded the order of the court as fixing their status as divorced, which it did, because the judgment was rendered and the mere entry thereof by the clerk was not essential to the validity of the remarriage of the parties. This, however, is not the case at bar. Regardless of what or how the parties in the case of *Paul* v. *Paul* regarded the order of the court, no judgment was rendered or pronounced, and therein lies the distinction between the two cases. The faulty record in the Cook case could be corrected by the proper entry of *nunc pro tunc* orders, but in the Paul case there is nothing upon which to base such an entry. In the Cook case cited above, the court did not lose jurisdiction for five years, when it had a formal decree recorded, and the Supreme Court decided that it had jurisdiction for the purpose of entering judgment *nunc pro tunc.* In the Paul case there was no jurisdiction because there was no judgment of the court upon which to base a *nunc pro tunc* order. The case remained in this condition, without a judgment, and with only the promise of a judgment contingent upon the submission of a written form,

until February 15, 1919, and on that date the superior court of Cochise county, Hon. ALFRED C. LOCK-WOOD presiding, entered an order of dismissal as follows:

"It is by the court ordered that this action be and it is hereby dismissed for want of prosecution."

This action was taken by the court sixteen months and nine days after the case was submitted. The superior court has inherent power to dismiss a case for want of prosecution, and it would appear that the period of sixteen months, elapsing since the last action in the case, might indicate an abandonment of the suit on the part of the plaintiff, sufficient to warrant a trial judge in dismissing the case, with notice to plaintiff, for want of prosecution. *Young Mines Co., Ltd.,* v. *Blackburn,* 22 Ariz. 199, 196 Pac. 167.

Thereafter, on September 10, 1923, the application of Edith Paul to vacate the order dismissing the above-entitled action came on to be heard and:

"It appearing to the court that said order of dismissal was entered after *due notice* had been given for plaintiff to appear and show cause why the action should not be dismissed for want of prosecution, and it further appearing that plaintiff failed to appear within the time set by the court and show cause as aforesaid, and more than six months having elapsed since the entry of said order of dismissal, and the court being of the opinion that it has lost jurisdiction, it is ordered that the petition be and it is hereby denied for lack of jurisdiction."

An order of dismissal is a final judgment, within the meaning of Civil Code of 1913, paragraph 1233, providing that an appeal be taken within six months from a final judgment. *Young Mines Co., Ltd.,* v. *Blackburn,* 22 Ariz. 199, 196 Pac. 167. The order of dismissal entered February 15, 1919, being a final judgment, and more than six months having

elapsed, in fact two years and seven months, the court could not vacate, after six months, for, under Civil Code of 1913, paragraph 600, giving the trial court power to vacate a judgment within six months after entry, the court lost jurisdiction after six months to pass upon the motion.

A party against whom a judgment has been rendered must pursue one of the modes provided by statute, if he feels himself aggrieved, to have it modified, vacated, or set aside, and he must do so within the time and in the manner stipulated in the law. *Leeker* v. *Leeker,* 23 Ariz. 170, citing page 177, 202 Pac. 397.

The motion to vacate the order of dismissal was filed nearly two years after the date of dismissal and long after the six-months' period had expired. The superior court lost jurisdiction after the time for appeal expired. It could not be otherwise. The effect of an opposite ruling would be practically to nullify or repeal the statutory limitation for taking appeals from judgments, and, as a precedent, result in such confusion in practice, and work such havoc in vested rights accruing under the highest judicial sanction known to the law, that we cannot approve of so obviously unjust and illogical a conclusion. And we hold that, when the effort to vacate the judgment of dismissal in this case was made, the time to appeal having expired, it was too late to grant the relief sought. *Gallagher* v. *Irish American Bank,* 79 Minn. 226, 81 N. W. 1057, citing *Leeker* v. *Leeker,* 23 Ariz. 179, 202 Pac. 397.

We conclude the court's jurisdiction to pass on the motion to vacate is limited to that time shown in paragraph 600, Civil Code Arizona 1913, and the order of the trial court denying the motion to vacate the judgment of dismissal for lack of jurisdiction was proper and correct.

It is ordered that the judgment of the trial court be and the same is hereby affirmed.

McALISTER, C. J., and ROSS, J., concur.

NOTE.—Judge LOCKWOOD, being disqualified, took no part in the decision of this case.