[Civil No. 4388.   Filed November 10, 1941.]

[118 Pac. (2d) 674.]

THE W. T. RAWLEIGH COMPANY, a Corporation, Appellant, v. J. W. SPENCER and C. P. BREIN-HOLT, Appellees.

Mr. O. E. Everett and Mr. Wm. H. Chester, for Appellant.

Mr. D. P. Skousen, for Appellees.

ROSS, J.—The W. T. Rawleigh Company, an Illinois corporation, commenced this action on November 13, 1931, against J. W. Spencer and C. P. Breinholt on their written guaranty of an account for goods, wares and merchindise sold to one L. C. Robinson. On November 12, 1940, on motion of defendants, the court dismissed the case ''for lack of prosecution,'' and the plaintiff has appealed. The question is did the court abuse its discretion.

It appears that the cause came to issue and was first set down for trial for November 26, 1935. This setting was, upon stipulation of counsel, vacated on November 18, 1935, and on that day reset for trial January 16, 1936. On January 6 this setting was, upon stipulation of counsel, vacated. April 6, 1936, defendants' demurrer to the amended complaint was overruled. December 7, 1936, plaintiff's motion to set case for trial was passed upon agreement of counsel, and on December 14, 1936, such motion was stricken.

June 3, 1940, defendants filed a motion to dismiss the action on the ground that the plaintiff had not complied with the laws of Arizona governing foreign corporations doing business in this state and for a

failure to appoint a statutory agent in the state. On the same date the plaintiff moved that the case be set for trial, which motion was ordered passed for two weeks. On June 24, 1940, on motion of plaintiff, the case was set for trial on October 24, without a jury. On July 1, 1940, defendants' motion to dismiss was stricken from the calendar.

On October 30, 1940 (the court on October 26, 1940, having granted them permission so to do) filed a second amended answer, in which they deny knowledge of certain allegations of the complaint, pray for strict proof thereof and plead want of consideration for the guaranty contract. It is affirmatively alleged in such answer that plaintiff served defendants with an amended complaint on January 21, 1936,

"and since that time plaintiff has failed to prosecute its said cause of action within a reasonable time thereafter, and its said cause of action is therefore barred by the statute of limitations under . . . Paragraph 2062 of the Revised Statutes of Arizona, 1928 (now section 29–205, Arizona Code 1939), which states that an action for debt, where the indebtedness is evidenced by or founded upon a contract in writing, executed within this state, shall be commenced and prosecuted within six years after the cause of action has accrued and not afterward."

One of the prayers of this answer is that the complaint be dismissed. Based upon this answer and the prayer thereto that the complaint be dismissed, the court's order was made.

It will be observed that up to December 7, 1936, plaintiff was trying to have the case tried. It had been set on its motion several times but such settings were either passed or vacated by mutual consent. It appears that after that date about three and one-half years passed and nothing was done by either party or the court. The case was permitted to remain dormant until June 3, 1940, when defendants made their mo-

tion to dismiss upon the grounds that plaintiff had not qualified under the law to transact business in Arizona and had not appointed a statutory agent. We think this appearance was a waiver of laches, if any, on the part of plaintiff to prosecute the case. It showed a disposition or desire on the part of defendants to defeat the case on other grounds than laches. This motion, it will be noticed, was stricken July 1, 1940. The record shows the court had on June 24, 1940, set the case for trial on October 24th. Thus, defendants apparently were willing to try the case on its merits until on October 30th the second motion to dismiss was made.

It is true the trial court has inherent power to dismiss a case for want of prosecution. This we have held in at least four cases. *Young Mines Co.* v. *Blackburn,* 22 Ariz. 199, 196 Pac. 167; *Paul* v. *Paul,* 28 Ariz. 598, 238 Pac. 399; *Brown* v. *Haymore,* 43 Ariz. 466, 32 Pac. (2d) 1027; *Hartford Acc. & Ind. Co.* v. *Sorrells,* 50 Ariz. 90, 69 Pac. (2d) 240. But we think such power should not be used where the record shows, as here, that both parties nursed the case along with the court's approval.

It is true that the statute of limitations pleaded by defendants, section 29–205, Arizona Code 1939, uses the words "commenced and prosecuted" in the conjunctive form, but they are not synonymous. If the action is commenced within the six-year period of limitation and thereafter prosecuted "with reasonable diligence" it should not be dismissed. *Forbach* v. *Steinfeld,* 34 Ariz. 519, 273 Pac. 6; *McCarrell* v. *Turbeville,* 51 Ariz. 166, 75 Pac. (2d) 361, 365. In the latter case it was urged that the statute required that the action be prosecuted within the limitation and we said:

"Appellant contends further, however, that even though the action was commenced within three years

of the discovery of the mistake, the facts alleged show that it was not prosecuted within this period, and that this must appear before the bar of the statute may be avoided. It is true that under section 2060, subdivision 3, *supra* [Revised Code of 1928], [now section 29–203, Arizona Code 1939], an action must be both commenced and prosecuted within three years from the discovery of the mistake, but by the word 'prosecuted' the legislature did not mean that an action must reach final judgment within that period; it had in mind merely that the case must be carried on with reasonable diligence. *Forbach* v. *Steinfeld,* 34 Ariz. 519, 273 Pac. 6. The only facts alleged in the amended complaint bearing on the question whether the action received this kind of attention are that it was filed in 1927 and did not go to final judgment until December, 1936, and, if there was nothing else that the court could consider in determining this matter, the passing of nine years without showing something else done would undoubtedly be sufficient to bring the action within the bar of the statute. However, this same case was brought here by appellee in 1933 on appeal from an order refusing to set aside his default entered in September, 1932, and a decision was rendered in March, 1934, reversing the ruling of the trial court on that question and remanding the case for further proceedings in accordance with that view. *Turbeville* v. *McCarrell,* 43 Ariz. 236, 30 Pac. (2d) 496. We take judicial notice of that decision and the records here on which it was based. There is, it is true, nothing showing what was done between that time and the rendition of the judgment the latter part of 1936, yet, as we see it, the passage of this period did not of itself, under the circumstances, show that the case had not been prosecuted with reasonable diligence.''

█ We think, under the circumstances as shown by the record here, that the court erred in dismissing the case for lack of prosecution.

The judgment of the lower court is reversed and the case remanded with directions that it be reinstated for such further action as may seem proper.

LOCKWOOD, C. J., and McALISTER, J., concur.