99 Ariz. 351 (1965)
409 P.2d 52
Lawrence BACA and Isabel Baca, husband and wife, Appellants,
v.
BANK OF AMERICA, NATIONAL TRUST AND SAVINGS ASSOCIATION, Appellee.
No. 7790.
Supreme Court of Arizona, In Division.
December 22, 1965.
*352 Robert W. Warden, Flagstaff, for appellants.
Mangum, Christensen & Wall, Flagstaff, for appellee.
LOCKWOOD, Chief Justice.
Defendants appeal from a judgment on a promissory note entered against them on August 6, 1962 in the Superior Court of Coconino County in the amount of $1,480.73. Defendants had executed a promissory note in November of 1952 to Colonial Construction Company in the amount of $2,529.00, payable in installments, and containing an acceleration at the option of the holder clause. The note was assigned to United Credit Corporation which in turn sold the note to the plaintiff (appellee here) Bank of America, National Trust & Savings Association.
Plaintiff alleged that the defendants were delinquent in payments on the note, the last payment having been made on June 30, 1954. Under its terms, the entire note was in default on December 1, 1955. The statute of limitations commenced to run on the due date of the note. Button v. Wakelin, 41 Ariz. 84, 15 P.2d 956 (1932). Plaintiff filed its complaint in the Superior Court of Coconino County on April 6, 1956 for $1,264.50, the amount of the delinquency together with interest from June 30, 1954.
Defendant Lawrence Baca was served with summons, and on the twentieth day after being served personally went to the courthouse. The judge was in the hall, and asked defendant Baca what he was there for. Baca answered, "I don't know. I got this paper in my hand." The judge looked at the paper and said to Baca "Well, nobody left in the courtroom so you might as well go."
No further action was taken until defendants filed an answer on August 17, 1961. In it they raised the statute of limitations, on the ground the action was not commenced and prosecuted within six years after the cause of action accrued, pursuant *353 to A.R.S. § 12-548,[1] and also alleged failure of consideration. The trial court denied the motion to dismiss, and a trial was had, resulting in judgment for plaintiff.
Defendants' grounds of appeal are (1) the trial court's refusal to dismiss on the grounds the statute of limitations had run, and (2) the trial court's admission in evidence of certain exhibits.
Filing of plaintiff's complaint on April 6, 1956 occurred slightly more than four months after the cause of action accrued. However defendants contend that plaintiff did not prosecute the action until April 19, 1962, when the Certificate of Readiness was filed, after the defendants filed their answer on August 17, 1961, and that the action was thus barred under A.R.S. § 12-548, supra.
In W.T. Rawleigh Co. v. Spencer, 58 Ariz. 182, 118 P.2d 674 (1941) in construing the same statute of limitations, we said:
"It is true that the statute of limitations pleaded by defendants, section 29-205, Arizona Code 1939, [now A.R.S. section 12-548] uses the words `commenced and prosecuted' in the conjunctive form, but they are not synonymous. If the action is commenced within the six-year period of limitation and thereafter prosecuted `with reasonable diligence' it should not be dismissed."
There is no question that the filing of the complaint commenced the action within the statutory requirement. We are faced with the question of whether the action was prosecuted with reasonable diligence.
The record clearly demonstrates that the plaintiff did nothing between the time of serving the complaint and the summons on the defendants and the defendants' filing of the answer almost five and one half years later. After the filing of the answer the plaintiff again delayed another eight months before it filed the Certificate of Readiness. The plaintiff did not move for a default judgment nor did it attempt to negotiate a settlement of the action. The plaintiff did not in any way demonstrate the diligence in prosecution which the statute requires.
Since this case must be reversed it is unnecessary to discuss any other points raised by plaintiff.
Judgment reversed.
STRUCKMEYER, V.C.J., and McFARLAND, J., concurring.
NOTES
[1] A.R.S. § 12-548. "An action for debt where indebtedness is evidenced by or founded upon a contract in writing executed within the state shall be commenced and prosecuted within six years after the cause of action accrues, and not afterward."