433 P.2d 646

**Gillon B. COOPER and Marjorie D. Cooper, and Milburn Cooper, Trutee, Appellants,**

**v.**

**W. W. ODOM and Madge Odom, husband and wife, Appellees.**

**No. 1 CA–CIV 466.**

Court of Appeals of Arizona.

Nov. 20, 1967.

Rehearing Denied Dec. 5, 1967.

Review Denied Jan. 16, 1968.

Clarence O. Fehling and Milburn N. Cooper, Phoenix, for appellants.

Lewis, Roca, Beauchamp & Linton, by John J. Flynn and Roger W. Kaufman, Phoenix, for appellees.

STEVENS, Judge.

Two questions are presented to the Court by this appeal. First, did the trial court abuse its discretion in granting the defendants' motion to dismiss for want of prosecution? Second, if the first question is answered in the affirmative, should this Court reverse the denial of the plaintiffs' motion for summary judgment and direct that the motion be granted?

The plaintiffs, who are the appellants in this Court, filed an action on contract for an accounting of the proceeds of a business arrangement. A.R.S. Section 12–548 is the Arizona Statute of Limitations applicable to this matter. This Section reads as follows:

"§ 12–548.

"An action for debt where indebtedness is evidenced by or founded upon a contract in writing executed within the state shall be commenced and prosecuted within six years after the cause of action accrues, and not afterward."

The action was commenced on 19 February 1958 within the six year period. The formal written order granting the motion to dismiss for want of prosecution was signed and filed on 9 May 1966.

Before a detailed examination of the record, it is appropriate for us to consider the meaning of the statutory language "commenced and prosecuted". This language does not mean that the case must be brought to a conclusion in the trial court within the six year period. It means that a suit must be commenced within the six year period and must thereafter be diligently prosecuted. W. T. Rawleigh Co. v. Spencer, 58 Ariz. 182, 118 P.2d 674 (1941) and Baca v. Bank of America Nat. T. & S. Ass'n, 99 Ariz. 352, 409 P.2d 52 (1965).

After the complaint was filed and served, a preliminary motion was filed and granted resulting in the disclosure of certain documents relied on by the plaintiffs. Thereafter a motion to set was promptly filed by the plaintiffs. Historically it should be noted that these matters transpired before the Uniform Rules of Practice of the Superior Court of Arizona, 17 A.R.S., were promulgated by the Arizona Supreme Court, said rules having become effective on 1 January 1962. As originally promulgated, they contained Rule V(j) which rule sets forth certain exemptions in relation to cases wherein a motion to set had been previously filed.

The initial trial date assigned for the trial of the cause was 20 May 1959. To this point the case had progressed in the normal pattern of civil cases in Maricopa County although the hearing on the preliminary motion was continued four times before it was argued.

Thereafter there followed a series of continuances. In some instances the record discloses a continuance by stipulation and in other instances the record is silent in this regard. There were numerous orders setting the case for trial each of which was vacated. A September 1960 setting was vacated due to the illness of the attorney for the plaintiffs. The file contains a letter request from the attorney. The case was reset for 1 February 1961. The record shows no further filings on

behalf of the plaintiffs until 3 September 1963 and no intervening minute entries.

Plaintiffs served a request for admissions on 20 August 1959, the answers thereto were filed on 2 September 1959, but the request itself was not filed with the Court until 3 September 1963. The plaintiffs gave notice of the taking of the deposition of one of the defendants. The deposition was taken on 22 September 1959 and was filed on 29 September 1959 but the notice of taking was not filed until 3 September 1963. On 3 September 1963, in addition to the filing of the request for admissions and the notice of taking deposition, the plaintiffs filed a motion for summary judgment, which was not verified, to which motion a response was filed on 17 September 1963. On this last date the defendants also filed an accounting as of September 1959. The motion for summary judgment was denied on 29 October 1963 and the case was referred to the court administrator to be placed on the pretrial calendar. In the meantime, the new Uniform Rules of Practice had become effective.

We must again go back. On 31 December 1959, at the time of the order vacating the then current trial setting, it was ordered that the defendants make certain records available to the attorney and to the accountant for the plaintiffs. On 23 November 1965 a document was filed disclosing that these records were surrendered by the defendants on 11 February 1960 and that the records were retained by the attorney for the plaintiffs until 23 November 1965.

The plaintiffs next sought to revive the case on 15 July 1965 when they filed a motion to advance for a pre-trial setting and for a trial setting. This was followed by the defendants' first motion to dismiss for want of prosecution, the motion having been filed on 21 July 1965, on which date the case was permanently assigned to the Honorable Thomas Tang, one of the Judges of the Superior Court.

Shortly thereafter, an order was entered fixing the date of the pre-trial for 29 October 1965, and in the meantime the court entered an order denying the motion to dismiss. Both sides filed pre-trial memoranda as required by the rules and the case was set for trial for 29 November 1965. On stipulation, this date was changed to 5 January 1966 and upon a change of counsel, was further reset to 18 April 1966.

In the meantime and on 1 November 1965, the plaintiff filed a new motion for summary judgment, which was not verified, and this was followed on 5 January 1966 by the filing of the defendants' renewed motion to dismiss for want of prosecution. Both motions were argued and ruled upon by a minute entry order. There followed a motion for reconsideration and a ruling thereon. On 9 May 1966, the court entered a formal written order which was filed on the same day denying the motion for summary judgment, granting the motion to dismiss and dismissing the case. This appeal followed.

Plaintiffs urge that the advent of the Uniform Rules of Practice created confusion in the Superior Court and caused delay beyond control of the plaintiffs. It is noted that in December the case had been set for trial for 1 February 1961 and that the Uniform Rules did not become effective until 1 January 1962.

After the 1 February 1961 setting passed, the plaintiffs next took action on 3 September 1963 by the filing of a motion for summary judgment in relation to matters known by or available to the plaintiffs prior to the last previous trial setting. We cannot attribute this delay to the Uniform Rules of Practice. Again, there was a long delay before the plaintiffs sought to urge this matter before the court.

Rule XXV of the Local Rules of the Superior Court for Maricopa County, 17 A.R.S., provides, in part:

"Rule XXV. Dismissals for Failure of Prosecution

"(a) Any civil action shall be dismissed for failure to prosecute upon written motion and notice to opposing counsel,

in the discretion of the court, upon the following grounds and conditions:

\* \* \* \* \* \*

(2) Stipulation by plaintiff to more than five separate trial settings.

(3) For other appropriate reasons."

In their motion to dismiss the defendants urged this rule and further urged that they had been prejudiced by long delay. The motion recites, in part:

"Here, the claim involves profits allegedly made by the defendants and sums of money allegedly due and owing to the plaintiffs. Plaintiffs pray for interest at 6% which over an extended period of years, would add up to a great deal of money. Further, plaintiffs pray for an accounting which becomes more and more difficult as the years go by. Third, the transactions involved in this lawsuit concern the buying and selling as well as the developing of real property interests. Parts of the funds in question are subject to use for paying debts and others to re-investment. There are sworn statements on file that some moneys were used to make good on bad checks of the plaintiffs."

 In Price v. Sunfield, 57 Ariz. 142, 112 P.2d 210 (1941), the Arizona Supreme Court gives us our best guidelines for the exercise of discretion in relation to a motion to dismiss for want of prosecution. We quote from page 148 of the Arizona Reports, 112 P.2d page 212:

"The reason for which a dismissal on the ground of laches is upheld is that the delay, taken with all the circumstances in the case, is sufficient evidence either that the cause of action has been abandoned by plaintiff or else that it has resulted in injury to someone not responsible for the delay. In the present case, it is obvious that plaintiffs had no intention to abandon their case. Therefore, unless it appears that they were responsible for the delay and that its effect was to injure the defendants in some of their substantial rights, the

court should not have dismissed the action. But if such a situation does reasonably appear from the record, we cannot say that it abused its discretion. "The general rule is that it is the duty of the plaintiff to see that his case is brought up for trial within a reasonable time. While it is true that a defendant may, if he desires, call a case up for setting when it is at issue, he is not obliged to do so, and his failure does not excuse the plaintiff from the responsibility of seeing that the case is set for trial, under penalty of a dismissal."

 Trial courts have the inherent power to dismiss a case on their own motion if the case has not been diligently prosecuted. Paul v. Paul, 28 Ariz. 598, 238 P. 399 (1925) and W. T. Rawleigh Co. In this respect the discretion exercised by the trial court will not be reviewed on appeal in the absence of an abuse of discretion. Price. Mere delay can be the basis of dismissal. Mack v. Augustine, 3 Ariz.App. 542, 416 P.2d 436 (1966).

There was an adequate basis presented to the trial court upon which it could determine that the basic principles set forth in Price warranted the granting of the motion to dismiss. We note that after each period of delay the plaintiffs were the moving parties. This is in their favor but not controlling. The Baca case is illustrative of this proposition.

We do not find an abuse of discretion in the granting of the motion to dismiss. We are not called upon to rule upon the interesting question relating to the denial of the motion for summary judgment.

Affirmed.

DONOFRIO, J., concurs.

CAMERON, Chief Judge (dissenting):

As the majority opinion indicates, a motion to dismiss for want of prosecution was filed by defendant-appellee on 21 July 1965 and was denied by the court. We may assume the denial of the motion at that

time was not an abuse of the court's discretion.

Thereafter, the file discloses no failure on the part of the plaintiff-appellant to diligently proceed with the matter. Under these circumstances I feel that the granting of defendant's motion on 5 January 1966 to dismiss for lack of prosecution was an abuse of the court's discretion.