451 P.2d 662

Roland **TROXLER**, Petitioner,

v.

William A. **HOLOHAN**, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, L. Skrumbellos, Justice of the Peace, Wickenburg Justice Precinct, County of Maricopa, State of Arizona, Respondents.

No. I CA–CIV 1006.

Court of Appeals of Arizona.
March 11, 1969.

Bayham & Zalut, by Henry L. Zalut, Phoenix, for petitioner.

Moise Berger, Maricopa County Atty., by James H. Keppel, Deputy County Atty., for respondents.

STEVENS, Judge.

Troxler filed in this Court a petition for a writ of certiorari challenging the validity of an order of dismissal entered by the Respondent Judge. The order of dismissal denied petitioner's Superior Court application for a writ of prohibition. This Court conducted a hearing pursuant to Rule 1 of the Rules of the Arizona Supreme Court, 17 A.R.S. and at the conclusion of the hearing it was ordered taking the petition under advisement. Thereafter this Court entered an order restraining the Respondent Justice of the Peace from pronounc-ing sentence until further order of this Court. The order further directed the Clerk of the Superior Court to transmit to this Court a copy of all minute entries and the pleadings filed in the Superior Court action. The record before us and the table of judicial assignments contained in Volume 102 of the Arizona Reports reflect that Judge McCarthy presided in Division One; that Judge Hyder was the presiding judge for Maricopa County and presided in Division Two; that Judge McFate presided in Division Three; and that Judge Holohan presided in Division Ten.

An examination of the Superior Court records before this Court discloses the following facts. Apparently the petitioner was adjudged guilty of one or more misdemeanors by the Justice of Peace of Wickenburg. Thereafter, but prior to the time of sentencing, Troxler filed a petition for writ of prohibition in the Superior Court requesting that the Justice of Peace of Wickenburg be prohibited from imposing sentence. On 4 November, 1968, Judge McCarthy of Division One of the Superior Court, made a minute entry order and a signed formal written order setting the matter for hearing on 12 November, 1968 before Division Three. Neither the minute entry order nor the formal written order designated the time at which the hearing was to be held. The petitioner understood the hour to be nine o'clock in the forenoon. The record does not contain an order transferring the matter out of Division Three. On 6 November, 1968, by minute entry order, Judge Holohan of Division Ten set the matter for hearing in Division Ten on 12 November at the hour of 8:30 a.m. The matter came on for hearing before Judge Holohan as designated by the minute entry order of 6 November, 1968, but neither petitioner nor his counsel were present. The Court's minute entry of the hearing appears as follows:

"Hearing on Petition for Writ of Prohibition and Order to Show Cause. Plaintiff is neither present nor represented. Defendant L. S. Skrombellows (sic) is

present with counsel, James Keppel. Stephen Gerger reporting.

"L. S. Skrombellows (sic) is sworn and testifies.

"Defendant's Exhibit No. 1 (arraignment slip) is marked for identification and admitted in evidence.

"Defense counsel moves to dismiss writ of prohibition.

"The Court finds that the allegations of the petition are not sustained.

"ORDERED that the petition for writ of prohibition is denied and

"FURTHER ORDERED dismissing the petition."

On 12 November, shortly before 9 a.m., Troxler's attorney called upon Judge Hyder's division in relation to the hearing. He was informed that the matter had been transferred to Judge Holohan. Inquiry addressed to Judge Holohan's staff did not bring immediate advice as to the date and hour of setting. Troxler learned of the action which had been taken earlier that morning when he saw the Justice of the Peace and his attorney in the Court House.

A formal written order dismissing the Superior Court petition for the writ of prohibition was entered on 12 December, 1968.

██ Petitioner thereafter filed a petition for writ of certiorari with this Court pursuant to Rule 1, Rules of the Supreme Court, A.R.S., requesting this Court to invoke its jurisdiction in relation to the validity of the order dismissing the Superior Court petition. Although an appeal would lie from the order of dismissal, we find that the remedy by appeal is inadequate, and that the exercise of Supreme Court Rule 1, jurisdiction is appropriate. Genda v. Superior Court, 103 Ariz. 240, 439 P.2d 811 (1968).

The sole question which we must determine is whether the trial court abused its discretion when it dismissed the petition.

Petitioner urges that the order dismissing his Superior Court petition was constitutionally invalid because he was not afforded his due process right to be heard. In support of this contention petitioner has incorporated, as part of his petition, an affidavit of his counsel which in substance states that counsel for petitioner did not receive notice advising him that the matter had been assigned to Judge Holohan for hearing or as to the hour of the hearing.

Respondents defend the validity of the order of dismissal with the contention that since petitioner failed to appear, as ordered, dismissal was discretionary with the trial court. Rule 41(b), Arizona Rules of Civil Procedure, 16 A.R.S. relates to the involuntary dismissal of an action and reads in part as follows:

"For failure of the plaintiff to prosecute * * *, a defendant may move for dismissal of an action or of any claim against him. * * * Unless the Court in its order for dismissal otherwise specifies, a dismissal under this subdivision * * * operates as an adjudication upon the merits."

██ We agree with respondents that the involuntary dismissal of an action pursuant to Rule 41(b) is a matter directed to the sound discretion of the trial court and that where a party has been accurately notified of the time and place of the hearing, his failure to appear is proper grounds for dismissal. See Brown v. Haymore, 43 Ariz. 466, 32 P.2d 1027 (1934); Cooper v. Odom, 6 Ariz.App. 466, 433 P.2d 646 (1967); Long v. Arizona Portland Cement Co., 2 Ariz.App. 332, 408 P.2d 852 (1965); Bloch v. Bentfield, 1 Ariz.App. 412, 403 P.2d 559 (1965). Also see Rule XII(a), Uniform Rules of Practice of the Superior Court, 17 A.R.S., which provides that "[e]ach attorney shall be responsible for keeping himself advised of the status of his own cases, of their positions on the calendars of the court and any assignments for hearing or argument." The duty of counsel to keep track of cases does not include the obligation to know of orders which he has not received or which he could not reasonably anticipate. One of the apparent purposes of the Rule is to place obligation

upon counsel to follow up when cases which have been regularly set for trial have not been reached on the appointed date and assume the status of "riding the calendar".

It has been held that the validity of an order dismissing an action for failure to prosecute presupposes that counsel was notified of the trial or hearing setting. Brown v. Haymore.

Rule 77(g) of the Rules of Civil Procedure relates to notice of orders or judgments and provides in part as follows:

"Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon every party affected thereby who is not in default for failure to appear, and shall make a note in the docket of the mailing."

Our examination of the records sent to this Court by the Clerk of the Superior Court substantiates the statements contained in counsel's affidavit relating to lack of notice. There is nothing in the record indicating that the Clerk of the Superior Court mailed notice to petitioner or his counsel with reference to the assignment of the petition to Judge Holohan for hearing or as to the hour for the hearing.

A document entitled "daily trial calendar" for 12 November is attached to the response. This document is prepared by the Court Administrator and the response states that it "was posted by the Superior Court Administrator's Office." The time and place of posting is not set forth. In relation to Judge Hyder's division, the entries were: "Presiding Division" and "Administrative Matters". In relation to Judge McFate's division, the daily calendar contained no reference to Troxler's case. In relation to Judge Holohan's Division the entries were, in part, "8:30 A.M. * * * 217317—OSC". No rule in relation to this public service document has been called to our attention. It is not a court order. Counsel who have been informed by court order as to the assignment to a particular division are entitled to rely on the order. We do not agree with the contentions of the respondents that the daily trial calendar constituted notice to Troxler as to the Division and hour of the hearing.

We are cognizant of the opinion of the Supreme Court in Coulas v. Smith, 96 Ariz. 325, 395 P.2d 527 (1964), wherein it was stated that the Clerk of the Superior Court is presumed to have performed the duties imposed by Rule 77(h), now 77(g), unless the contrary is shown. Nevertheless, it is our opinion that such a presumption of performance has been negated in the instant case by (1) the affirmative statement set forth in the affidavit of petitioner's counsel to the effect that notice was never received, and (2) the absence of any evidence of record which would indicate that the Clerk had, in fact, mailed notice to petitioner regarding the assignment of the matter to Judge Holohan or the order fixing the time of hearing. We hold that since petitioner was not notified of the hearing which resulted in dismissal of his petition, the trial court abused its discretion in dismissing the petition.

The record before us does not disclose that Judge Holohan was aware of the absence of proper notice to Troxler's attorney at the time of the order of dismissal.

The issuance of the mandate in this matter will constitute a directive that the order of dismissal be vacated, that the petition filed in the Superior Court be set for a hearing on its merits, and for such other action as shall not be inconsistent with this opinion. The order of this Court restraining the Justice of the Peace from passing sentence remains in effect with authority granted to the Superior Court to enter an appropriate modification thereof after the mandate of this Court issues.

DONOFRIO, C. J., and CAMERON, J., concur.