NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

R. G. S. DIAMONDS, LTD, *Plaintiff/Appellant*,

*v.*

TAL DESIGNS, LLC, et al., *Defendants/Appellees*.

No. 1 CA-CV 22-0185
FILED 2-2-2023

Appeal from the Superior Court in Maricopa County
No. CV 2018-012431
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

COUNSEL

McGill Law Firm, Scottsdale
By Gregory G. McGill
*Counsel for Plaintiff/Appellant*

Parker Schwartz PLLC, Phoenix
By Ira M. Schwartz
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge David D. Weinzweig and Judge D. Steven Williams joined.

---

**H O W E**, Judge:

¶1        R.G.S. Diamonds, Ltd. ("RGS") appeals from the trial court's orders striking its second amended complaint, dismissing defendants Tal and Dana Barkal, and denying its motion for a new trial. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        In September 2018, RGS sued Tal Designs, LLC, and individually sued Tal and Dana Barkal. The complaint alleged (1) breach of contract against Tal Designs, (2) consumer fraud against Tal Designs and Tal Barkal, (3) promissory estoppel against Tal Designs and Tal Barkal, and (4) unjust enrichment against all three defendants. The complaint also alleged an alter ego claim. All counts arose from a transaction to sell diamonds.

¶3        RGS alleged that Tal Designs agreed to sell 11.40 carats of high cut diamonds, and RGS delivered the diamonds to Tal Designs to sell on RGS's behalf. RGS and Tal Designs entered into a consignment agreement that provided that Tal Designs would owe RGS $21,141.25 upon selling the diamonds. If Tal Designs could not sell the diamonds within a reasonable time, it would return the diamonds to RGS. Diamonds were allegedly sent to Hong Kong to be sold to an associate of Tal Designs. Later, Tal Designs, through Tal Barkal, told RGS's owner, Ruby Gersh, that his associate in Hong Kong had returned the diamonds to RGS. RGS, however, maintained that neither the diamonds nor the proceeds from a sale were returned.

¶4        The trial court set the discovery deadline for September 30, 2019, except for the depositions of Tal Barkal and Gersh. The court set the trial for November 2, 2020, but later vacated that date because of the Covid-19 pandemic. After vacating the second date set for trial, the court ultimately set the trial for March 7, 2022.

¶5        In March 2019, RGS amended its complaint to allege conversion against Tal Designs and Tal Barkal. Tal Designs and the Barkals

moved to dismiss the amended complaint. The trial court granted the motion "only in regard to the Alter Ego claim and denied [it] in all other respects." The trial court also stated that "[t]he dismissal of the Alter Ego claim is without prejudice and with leave to amend to cure any deficiencies."

¶6        Tal Designs and the Barkals interpreted the ruling to dismiss the individual defendants, Tal and Dana Barkal. RGS, on the other hand, interpreted the ruling to mean that only the alter ego claims were dismissed and not the individual defendants. In August 2021, the trial court clarified that it had dismissed the individual defendants.

¶7        In October 2021, RGS moved to amend its complaint a second time to specify the claims against Tal Barkal with greater particularity. The trial court granted RGS's motion. One month later, the Barkals moved to be dismissed as parties for lack of prosecution and RGS's failure to comply with the Arizona Rule of Civil Procedure ("Rule") 15(a)(5) because RGS had failed to amend its complaint within 10 days after the entry of the order that granted leave to amend as the Rule required. The very next day, RGS filed its second amended complaint. Then, the trial court granted the Barkals' motion and dismissed them as parties. It also struck RGS's second amended complaint, reasoning that the second amended complaint was filed late.

¶8        Shortly after that, RGS moved for a new trial, requesting relief from the order striking its second amended complaint under Rule 59(a)(1)(A) and (H). The motion argued that the delay should be excused because it was caused by its counsel's Covid-19 diagnosis and cancer issues. The trial court denied RGS's motion. RGS appealed the order striking its second amended complaint and dismissing the individual defendants, and the order denying its motion for a new trial.

## DISCUSSION

¶9        RGS argues that the trial court abused its discretion in striking its second amended complaint and denying its motion for a new trial. The trial court struck RGS's second amended complaint because it was filed late—in violation of Rule 15. We review an involuntary dismissal and a denial of a motion for a new trial for an abuse of discretion. *Troxler v. Holohan*, 9 Ariz.App. 304, 306 (1969); *Fleming v. Tanner*, 248 Ariz. 63, 70 ¶ 28 (App. 2019).

## I.    Motion to Dismiss

**¶10**        The trial court did not err in striking RGS's second amended complaint because RGS failed to comply with Rule 15. Rule 15(a)(5) required RGS to file its second amended complaint within 10 days after the entry of the order granting leave. RGS filed its second amended complaint two weeks after the 10-days deadline had passed. RGS did not request an extension of time to file the second amended complaint before the deadline, nor did it show good cause for the delay when it filed the second amended complaint. RGS concedes it violated the Rule. Thus, the trial court acted within its discretion in striking RGS's second amended complaint.

**¶11**        RGS argues that the Barkals were not prejudiced by the delay and that the trial court failed to consider a less drastic sanction and give notice of the impending dismissal. But those considerations are relevant only in dismissals for lack of prosecution or failure to comply with a court order. *Price v. Sunfield*, 57 Ariz. 142, 148 (1941); *Green v. Lisa Frank, Inc.*, 221 Ariz. 138, 154 ¶¶ 45–46 (App. 2009). Rule 41(b) provides three grounds for dismissal: (1) failure to prosecute, (2) failure to comply with the Rules, or (3) failure to comply with a court order. Here, in striking RGS's second amended complaint, the trial court did not mention the failure to prosecute other than when referring to the Barkals' motion, which was titled "Motion to Dismiss Individual Defendant for Failure to Prosecute." Nor did it mention failure to comply with a court order. Instead, the trial court explicitly relied on RGS's failure to comply with the Rules. In any event, because "[w]e are obliged to affirm the trial court's ruling if the result was legally correct for any reason[,]" *State v. Perez*, 141 Ariz. 459, 464 (1984), we need not consider RGS's diligent prosecution or its failure to prosecute.

## II.    Motion for New Trial

**¶12**        RGS argues that the trial court abused its discretion in denying RGS's Rule 59 motion because the order striking the second amended complaint was contrary to the law.[1] The motion before the trial

---

[1]        RGS's opening brief fails to specify which of the enumerated grounds of Rule 59 applied to the case. Accordingly, RGS waived the argument. *See* Ariz. R. Civ. App. P. 13(a)(7)(A) (requiring appellant's opening brief to contain arguments "with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies"). Nevertheless, because we prefer to decide cases on their merits, we will attempt to discern and address the substance of RGS's arguments. *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984).

court and the language of the opening brief indicate that RGS relied on Rule 59(a)(1)(A) and (H).

¶13 Rule 59(a)(1)(A) allows a party to request a new trial on the ground that "any irregularity in the proceedings or abuse of discretion depriv[ed] the party of a fair trial." Because the trial court did not abuse its discretion in striking RGS's second amended complaint, *supra* ¶ 10, no irregularity in the proceedings occurred. Thus, we reject RGS's subsection A argument.

¶14 Under Rule 59(a)(1)(H), the trial court may grant a new trial if "the verdict, decision, finding[] of fact, or judgment is not supported by the evidence or is contrary to law." The order striking RGS's complaint was supported by the undisputed evidence of (1) the late filing and (2) the violation of Rule 15(a)(5). Thus, because the order was supported by evidence and based on the law, we reject RGS's subsection H argument.

¶15 RGS argues that its delay should have been excused because of its counsel's Covid-19 diagnoses and cancer issues. But "when this court reviews the grant or denial of a motion for a new trial, it does not weigh the evidence. That is the function of the trial court." *Adroit Supply Co. v. Elec. Mut. Liab. Ins. Co.*, 112 Ariz. 385, 390 (1975). Moreover, RGS's argument is unpersuasive. RGS inexplicably filed its second amended complaint the day after the Barkals moved to dismiss for failure to prosecute. This indicates that RGS's counsel's medical concerns did not prevent him from filing pleadings in court. The trial court therefore did not abuse its discretion in denying RGS's motion for a new trial under Rule 59(a)(1)(A) or (H).

## CONCLUSION

¶16 For the reasons stated, we affirm. RGS requests its attorneys' fees and costs under A.R.S. § 12–341.01(A). We deny its request because RGS was not successful on appeal.

