NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SUSAN JAMES, *Plaintiff/Appellant,*

*v.*

BANNER HEALTH, et al., *Defendants/Appellees.*

No. 1 CA-CV 25-0541

FILED 06-01-2026

Appeal from the Superior Court in Maricopa County
No.  CV2022-007903
The Honorable Michael J. Herrod, Judge

**AFFIRMED**

COUNSEL

The Roll Law Office PLLC, Phoenix
By Guy P. Roll
*Counsel for Plaintiff/Appellant*

Coury Krolls Dean & DaPena PC, Phoenix
By Renee M. Coury
*Co-Counsel for Defendants/Appellees*

Jones Skelton & Hochuli PLC, Phoenix
By Rita J. Bustos
*Co-Counsel for Defendants/Appellees*

## MEMORANDUM DECISION

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Daniel J. Kiley and Judge D. Steven Williams joined.

B A I L E Y, Judge:

¶1          Susan James appeals from the final judgment dismissing her medical malpractice and wrongful death claims with prejudice and from the denial of her motion for a new trial.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          In June 2020, Banner Health ("Banner"), four of its employed physicians, Neil Mody, Nithya Krishnaswamy, Adebowole Oyelakin, and Edward Charles (collectively "the Banner Defendants"), and two non-Banner employed physicians, Amir Moasser, and Ariv Swaminathan, provided healthcare services to Teyola Lynn James for septicemia, acute kidney injury, and cardiogenic shock.  Teyola died on June 21, 2020.[1]

¶3          In June 2022, Teyola's mother, Susan, filed a complaint for medical malpractice and wrongful death against the Banner Defendants, Moasser, and Swaminathan.  Susan sought and obtained three extensions of time to serve the defendants.

¶4          The superior court placed the case on the dismissal calendar and subsequently continued the dismissal date to June 26, 2023.  In the court's notice of placement on the dismissal calendar, it stated the case would be dismissed unless one of the following actions was taken: a joint report and proposed scheduling order was filed, a comprehensive pretrial conference was set, a final judgment was entered, or a motion to continue on the dismissal calendar demonstrating good cause was filed.  Susan advised the court that she "anticipate[d] that [the parties] will have filed a Joint Report and Proposed Scheduling Order" by June 26, 2023.  Because that date passed and Susan did not comply with the order, the court dismissed the case on July 13, 2023.  Not until late March 2023—nine

---

[1] Because Teyola Lynn James and her mother share the same last name, we respectfully refer to them by their first names for clarity and convenience.

months after filing the complaint—did Susan serve Banner, Moasser, and Swaminathan.[2] She never served the Banner-employed physicians.

¶5        Susan moved to set aside the dismissal and reinstate the case based on her having inadvertently missed the compliance deadline. The court granted the motion, reinstated the case, and ordered service to be completed by November 15, 2023. Susan ultimately never served the Banner-employed physicians, who nonetheless answered the complaint on February 9, 2024.

¶6        In a joint report filed in preparation for a scheduled comprehensive pretrial conference, the Banner Defendants alerted the superior court of the need for medical records predating Teyola's admission to Banner. The Banner Defendants highlighted that although the case was "reinstated six months ago, no discovery or communication from Plaintiff ha[d] taken place. Plaintiff has failed to file her required Rule 26.3 disclosure." The Banner Defendants noted that Plaintiff needed to disclose "multiple prior medical records related to [Teyola's] condition" because she was previously treated at a different hospital and no records from the six years between her treatment there and at the Banner hospital had been disclosed.

¶7        The Banner Defendants also stated the anticipated need for legal documentation confirming that Susan is Teyola's "legally appointed personal representative . . . to have her execute valid authorizations related to [Teyola's] medical insurers to assist in discerning her prior medical care relevant to this case." Susan apparently completed some medical authorizations using her maiden name and returned those authorizations to defense counsel.

¶8        After a scheduling conference in which the superior court and the parties addressed a dispute concerning completion of medical authorization forms, the court ordered the defendants to disclose and email Susan regarding "all corrections" needed on the medical authorization forms no later than May 15, 2024. The court stayed all deadlines and continued the conference until June 5, 2024.

---

[2] The superior court dismissed Moasser and Swaminathan after they moved to dismiss based on Susan's failure to provide a qualified preliminary expert opinion affidavit under Arizona Revised Statutes ("A.R.S.") §§ 12-2603 and -2604. Moasser and Swaminathan are not parties to this appeal.

**¶9**         On May 1, 2024, counsel for the Banner Defendants emailed Susan's attorney, raised the issue of her use of two different surnames, attached medical authorization forms for execution, and requested legal documentation confirming Susan was either legally appointed as the executor, next of kin, or personal representative of Teyola's estate. Susan's attorney advised he had already sent some medical authorization forms to his client and that counsel for the Banner Defendants had attached additional forms, which he would mail to Susan. Counsel for the Banner Defendants provided a "next of kin" affidavit for Susan to complete and have notarized, which requested the decedent's medical records pursuant to A.R.S. § 12-2294(D). The statute permits a health care provider to disclose a deceased patient's medical records to the personal representative or administrator of the estate of a deceased patient, or to designated individuals, including a parent of the deceased patient. A.R.S. § 12-2294(D). Susan's attorney advised he "did NOT intend to have [Susan] sign the next of kin document," stating the statute did not require the affidavit and citing the difficulty in obtaining notarization due to Susan's residence on a remote tribal reservation. On May 30, 2024, counsel for the Banner Defendants again emailed Susan's attorney the requested medical authorization forms and attached a new next of kin authorization form that did not require notarization. The night before the continued scheduling conference, Susan's attorney emailed what purported to be at least some of the signed medical authorization forms to defense counsel.

**¶10**         At the continued scheduling conference on June 5, 2024, the superior court ordered Susan's counsel to "follow up with . . . [Susan] regarding the next of kin document and the accurate completion of the medical authorizations" and "return the completed documents to [counsel for the Banner Defendants] by **June 24, 2024**."

**¶11**         Effective June 21, 2024, a new judge was assigned to the case due to judicial calendar rotations.

**¶12**         On November 15, 2024, the Banner Defendants moved for dismissal based on Susan's failure to prosecute by ignoring court orders regarding the medical authorizations and next of kin affidavit, and by failing to disclose preliminary expert opinion affidavits from qualified experts as required by A.R.S. §§ 12-2603 and -2604.

**¶13**         Susan responded that her initial expert unexpectedly withdrew from participating in the case and her new expert needed additional time to review medical records before preparing his opinion. Susan also asserted that the Banner-employed physicians were "actively

avoiding attempts to receive service," which prompted her requests for extensions of time to serve them. Susan suggested that she did not need to serve the Banner-employed physicians because Banner's answer stated that its attorneys represented the Banner-employed physicians and the credit memo reflected payment for the appearance fee for both Banner and its employed physicians. Susan asserted she "signed the various providers' medical authorization forms that Defendants sent to her via her counsel and provided the same to Defendants." Susan argued that the Banner Defendants were using delay tactics by requiring her to sign the unnecessary next of kin affidavit and advised the court that she did not complete the "concocted" next of kin affidavit.

¶14        On January 30, 2025, the superior court granted the motion to dismiss in an eight-page ruling detailing Susan's conduct, concluding she had failed to prosecute her case. The court noted Susan's overall dilatory conduct included: (1) delays with service of process and in providing all the requested medical authorizations; (2) failures to provide the next of kin affidavits, to meet court-ordered deadlines and to provide status updates; and (3) non-responsiveness with clarifying her expert's qualifications. The court concluded that the delays and failures precluded the Banner Defendants from continuing to investigate the case and present a defense.

¶15        The court issued a judgment under Arizona Rule of Civil Procedure ("Rule") 54(b) dismissing the Banner Defendants. Susan moved for reconsideration and a new trial, which the court denied.

¶16        Susan timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶17        We note at the outset that Susan raised the superior court's denial of her motion for a new trial in her notice of appeal. However, in her opening brief, she fails to develop any argument on this issue. Indeed, she only mentions the motion for a new trial in one paragraph in the opening brief's statement of facts. Because she fails to develop any legal argument on this issue, it is waived. *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009).

¶18        We review for an abuse of discretion an order granting a motion for involuntary dismissal for the failure to prosecute. *See Slaughter v. Maricopa Cnty.*, 227 Ariz. 323, 326, ¶ 14 (App. 2011); *Troxler v. Holohan*, 9 Ariz. App. 304, 306 (1969). An abuse of discretion occurs when there is no evidence to support a holding or the court makes an error of law in its

discretionary decision. *Dowling v. Stapley*, 221 Ariz. 251, 266, ¶ 45 (App. 2009). "Even if a different court might have reached the opposite conclusion, we cannot find an abuse of discretion unless 'the lower court exceeded the bounds of reason by performing the challenged act.'" *Campion v. City of Tucson*, 256 Ariz. 256, 267, ¶ 36 (App. 2023) (citing *Toy v. Katz*, 192 Ariz. 73, 83 (App. 1997), *disapproved of on other grounds by Sholem v. Gass*, 248 Ariz. 281, 287, ¶ 21 (2020)).

**¶19**        Under Rule 41(b), a defendant may move to dismiss a plaintiff's case when the plaintiff fails to prosecute, comply with the rules, or comply with a court order. Maricopa County Local Rule 3.6(a)(2) states a "civil action will be dismissed for failure to prosecute upon written motion and notice to opposing counsel, at the discretion of the court" for "appropriate reasons." Dismissal under Rule 41(b) for the failure to prosecute is appropriate in cases of effective abandonment or prejudice to the adverse party. *Cooper v. Odom*, 6 Ariz. App. 466, 469 (1967). "Mere delay can be the basis of dismissal." *Id.* The superior court should consider both parties' conduct, impediments to service, the provision of case status updates, and other factors explaining a lack of diligent prosecution. *Jepson v. New*, 164 Ariz. 265, 276 (1990). The failure to comply with a court order can also form the basis for involuntary dismissal under Rule 41(b). *See Carman v. Hefter*, 136 Ariz. 597, 601 (1983).

I.       Law of the Case Doctrine

**¶20**        Susan argues the law of the case doctrine prevented the superior court from dismissing the action because the court's initial ruling setting aside dismissal and granting an extension to serve precluded the later-assigned judge from finding that delays in service warranted dismissal. The doctrine provides that "the decision of a court in a case is the law of that case on the issues decided throughout all subsequent proceedings in both the trial and appellate courts, provided the facts, issues and evidence are substantially the same as those upon which the first decision rested." *Dancing Sunshines Lounge v. Indus. Comm'n*, 149 Ariz. 480, 482 (1986). The doctrine is inapplicable here. Nothing about the superior court's ruling setting aside the dismissal based on Susan's inadvertent missed deadline precluded a different judge from later dismissing the case for lack of prosecution based on additional dilatory conduct that was not at issue at the time of the initial ruling.

II.     Challenges to the Superior Court's Factual Findings

**¶21**        Susan contends the superior court incorrectly determined several facts underlying its dismissal ruling.  Susan's challenge to the court's factual findings is unavailing.

**¶22**        Susan asserts that, contrary to the superior court's finding, she supplied all the requested signed medical authorizations to defense counsel on June 4, 2024.  In support of her argument, she references an email she sent to the Banner Defendants' counsel on June 4, 2024, the night before the continued scheduling conference.  But the email contained in the record contains no signed medical authorizations, so we cannot determine if Susan provided all the requested authorizations.[3]  The court ordered Susan to provide more medical authorizations the day after her attorney purportedly mailed the documents to the Banner Defendants' counsel.  It does not follow that if she provided all the requested documents, the court would then order her to execute more authorizations.  Indeed, the court specifically found that Susan had not provided "all" the requested medical authorizations.  Susan has not provided us with a transcript of the June 5, 2024, hearing, and so we presume the record supports the court's factual findings.  *Kohler v. Kohler*, 211 Ariz. 106, 108, ¶ 8 n.1 (App. 2005).

**¶23**        Susan also asserts the superior court erred in basing its ruling on her failure to return the next of kin affidavit, which the court found was necessary for the health care providers to release the medical records.  Rather than addressing her failure to comply with the court's order to provide the affidavit, Susan challenges the basis for requiring it.  While it is true that A.R.S. § 12-2294(D) does not require a next of kin affidavit in order for medical records of a decedent to be disclosed, the court's basis for requiring the affidavit is sound: Banner was trying to prevent further delays in obtaining medical records based on a health care provider's anticipated refusal to provide records absent proof Susan was the decedent's mother, who is a person authorized by the statute to receive the decedent's medical records.  Additionally, Banner waived the notary requirement and emailed Susan's attorney a version of the next of kin affidavit that did not require notarization.  The record supports a finding that Susan willfully refused to provide the court-ordered next of kin affidavit.

---

[3] The email says it is attaching the authorizations and shows an image of documents titled "Medical Authorizations."

III.    Overall Failure to Prosecute

¶24        Ultimately, the record supports the superior court's overall findings that Susan was dilatory in prosecuting her case.  It took Susan approximately nine months to serve Banner and, despite a court-ordered service extension, she never served Banner's employed physicians, who chose to waive service and answer despite the lack of service.  Susan's motion for extensions to serve never raised issues of evasion of service or sought permission to serve via alternative means.

¶25        Service issues notwithstanding, Susan waited almost a month after the initial dismissal to move to set it aside.  She failed to comply with court orders to return all medical authorizations and the next of kin affidavit, thus inhibiting defense preparation.  More than two and a half years passed from the time Susan filed her complaint until the court dismissed the case.  Susan thus failed in her duty to ready her case for trial in a "reasonable time."  *Cooper*, 6 Ariz. App. at 469 (quoting *Price v. Sunfield*, 57 Ariz. 142, 148 (1941)).

¶26        As previously noted, Susan failed to provide us with the necessary transcript of the June 5, 2024, scheduling conference regarding the parties' joint report.  *See* ARCAP 11(b)(1) (placing responsibility on appellant to include necessary transcripts in the record on appeal).  Therefore, we must assume the evidence was sufficient to support the court's findings and conclusions.  *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995) ("When a party fails to include necessary items, we assume they would support the court's findings and conclusions.").  Given this presumption and the record before us, we cannot say the court abused its discretion in dismissing the action for the failure to prosecute.  Ariz. Local R. Prac. Super. Ct. (Maricopa) 3.6(a)(2).

**CONCLUSION**

¶27        For the foregoing reasons, we affirm the superior court's ruling.  We award costs to Banner upon compliance with Arizona Rule of Civil Appellate Procedure 21.

MATTHEW J. MARTIN • Clerk of the Court

**FILED**:        JR

8